[Sac. No. 1901.    In Bank.—January 15, 1914.]

CALIFORNIA PASTORAL AND AGRICULTURAL COMPANY, Limited (a Corporation), et al., Appellants, v. THE MADERA CANAL AND IRRIGATION COMPANY (a Corporation), Respondent.

Waters and Watercourses—Appropriation of Water—Extent of Beneficial Use—Excessive Diversion.—Beneficial use of appropriated waters is not what is actually consumed, but what is reasonably necessary for the purpose to which the water is devoted; and an excessive diversion of water for any purpose cannot be regarded as a diversion for a beneficial use, in so far as it is in excess of any reasonable requirement for that purpose.

Id.—Use of Water—Policy of State.—It is the policy of this state to require the highest and greatest possible duty from the waters of the state in the interest of agriculture and other useful and beneficial purposes.

Id.—Riparian Rights—Extinction by Prescription—Excessive Diversion.—The state has limited the right to appropriate the waters of a stream to such waters as are reasonably necessary for the purpose for which the water is in fact appropriated. In so far as the diversion exceeds such reasonably necessary amount, it is contrary to the policy of our law, is "a taking without right," and can confer no right, no matter for how long continued. In so far as it is not in excess of such amount, it is a diversion authorized and sanctioned so far as the state is concerned; and if the diversion is continued for the requisite time under such circumstances as to give a title by prescription, it will extinguish *pro tanto* the riparian rights below.

Id.—Prescriptive Right to Water—Excessive Diversion.—One actually diverting water under a claim of appropriation for a useful or beneficial purpose, cannot thereby acquire any right to divert more water than is reasonably necessary for such use or purpose, no matter how long a diversion in excess thereof has continued. There is no such thing as the acquirement by such an appropriator of a title by prescription in so far as the excessive diversion is concerned; and this rule is applicable in favor of a riparian owner as well as a subsequent appropriator.

Id.—Amount of Water Reasonably Necessary—Determination by Court—Presumption in Favor of Appropriator.—In determining, in such case, how much of the water in fact used was reasonably necessary for the purpose for which it was used, the court should be liberal with the appropriator to the extent at least that it should not deprive him of any portion of the amount of water that he in

fact used for the period necessary to gain title by prescription, unless it is clearly and satisfactorily made to appear that he used more than was reasonably necessary. The presumption would be in his favor.

Id.—Public Service Corporation—Prescriptive Right to Water—Extent of Diversion.—Where a public service corporation appropriates waters of a stream to sell for the irrigation of lands, it can by diversion acquire a prescriptive right to the use of no more water than is reasonably necessary to irrigate the lands susceptible of irrigation under its system.

Id.—Appropriation of Water for Sale—Extent of Diversion—Reasonable Necessity.—While it is true that water may be appropriated for sale, rental, or distribution, and that a use for the purposes of rental and sale of the water is beneficial under the terms of the constitution, this does not mean that the mere fact that the declared purpose of the attempted appropriation is sale, rental, and distribution, warrants the appropriation of more water than is reasonably necessary for the proper demands of those for whose ultimate use it is appropriated.

APPEAL from a judgment of the Superior Court of Madera County and from an order refusing a new trial. J. M. Seawell, Judge presiding.

The facts are stated in the opinion of the court.

Page, McCutchen & Knight, Frank H. Short, and Edward F. Treadwell, for Appellants.

Dorn & Dorn & Savage, W. N. Goodwin, and Hunsaker & Britt, for Respondent.

ANGELLOTTI, J.—This is an appeal by plaintiffs from a judgment and order denying a new trial, in an action brought by them to obtain a judgment determining the right of defendant, if any, to divert waters from Fresno River at points above the lands of plaintiffs, which are riparian to said river, and enjoining the diversion of any greater amount than that determined by such judgment to belong to defendant.

The defendant is a corporation incorporated about December 8, 1888, and ever since its incorporation it has been continuously engaged in the business, for which it was organized, "of acquiring, disposing of, appropriating and diverting water and water-rights and selling, renting and distrib-

uting water and the use of water to landowners for the irrigation of land.''

For many years defendant has been diverting water from Fresno River at a point above plaintiffs' land, and, by means of a system of canals, has disposed of the same for the irrigation of lands not riparian to said river, no part of the water so diverted ever being returned to the channel of the river. No question is here raised as to the right of defendant to so divert one hundred cubic feet of water flowing per second. As to all above this amount, the record establishes that whatever right defendant possesses has been acquired solely by prescription, and that plaintiffs have the right as against defendant to the flow of the entire stream subject to such prescriptive right of defendant. The amended answer of defendant fully sets up facts showing the acquirement of such right by it ''to the extent of four hundred cubic feet of water flowing per second, when water to that extent was flowing in said river, and at all other times all of the waters flowing therein.'' It is established by the record that all of the water actually diverted has been disposed of by defendant solely for the purpose of irrigation of lands and that said appropriation and distribution, has at all times been and now is a ''public use.'' By the amended complaint it was alleged that one hundred cubic feet of water flowing per second is all the water which was or is reasonably required for the irrigation of all of the lands irrigated from or under defendant's canals.

The trial court found that for more than twenty-five years defendant had been diverting from the Fresno River water to the extent of two hundred and fifty cubic feet flow per second, when there was sufficient water in the river to furnish that amount, and, when less, all of the water flowing therein, distributing, renting, selling, and using the same for the purpose of irrrigation. It further found in regard to such diversion the existence of all the facts essential to give defendant a title by prescription as against plaintiffs to the extent specified, viz.: Two hundred and fifty cubic feet flow per second, including in its findings on this matter one stating that defendant and its predecessors had actually and continuously ''distributed and used all of said waters so diverted and appropriated as aforesaid to useful and beneficial purposes, to wit: to the irrigation of lands lying under the flow

of its system of canals and ditches; and that all of the waters so diverted by defendant, its grantors and predecessors in interest as aforesaid from all sources during all of said period have been at all of said times and are beneficially used in the irrigation of said lands and have benefited said land.'' But the court found further as follows, viz.: ''That less than two hundred and fifty (250) cubic feet of water continuously running and flowing per second during the irrigation season would be sufficient to irrigate the lands which have been during said period irrigated by the defendant, but how much less the court is unable to determine from the evidence, but that all of said waters so taken, appropriated, and diverted by the defendant as aforesaid, its grantors and predecessors in interest, have been actually used in and applied to the irrigation of lands, and the said use thereof has been beneficial, and that the defendant was so doing at the commencement of this action and still continues so to do.''

Judgment was given declaring that defendant is the owner and entitled to divert, take and appropriate from the said Fresno River, at a specified point, water to the extent of two hundred and fifty cubic feet running and flowing per second, whenever there is sufficient water to furnish said amount, and when the water flowing in said river is insufficient to furnish that amount, all of the waters running and flowing in said river at said point.

Upon the question as to the amount of water *reasonably necessary* to be diverted from the river for the proper irrigation of the lands irrigated by defendant by means of its system, the best that can be said for defendant's case is that there is a conflict in the evidence. Certainly there is much evidence tending to the conclusion that much less than the amount found to have been diverted would have been all that was reasonably necessary for the irrigation of the lands that were supplied by defendant with water for irrigating purposes. If it be the law, as claimed by appellants, that one actually diverting water can acquire by prescription as against a riparian owner the right to take only so much water as is reasonably necessary for the beneficial use for which the diversion is made, regardless of the amount actually taken and applied to such use, it appears to us to necessarily follow, either that there is no finding upon the material issue made

by the pleadings as to the amount reasonably required or reasonably necessary for the irrigation of the lands irrigated from or under defendant's canals, or that the portion of the findings that we have last quoted must be taken as a finding in favor of plaintiffs upon this material issue, to the effect that the amount actually diverted and in fact actually applied to the irrigation of said lands, viz., two hundred and fifty cubic feet flow per second, when there was sufficient water in the river to furnish that amount, and all the water therein when the flow was less than two hundred and fifty cubic feet per second, although beneficial, has not been reasonably necessary for that purpose. Considering all the findings together it is clear to us that the statements to the effect that all of the water diverted has been used in the irrigation of said lands, and that such use has been beneficial to said lands were not intended as being equivalent to a finding that it has all been reasonably necessary for the proper irrigation of the same, and cannot be so construed. While the written opinion filed by the learned trial judge in deciding this case cannot properly be considered in determining the construction to be given to the findings in this behalf, we think certain language used therein so aptly states the situation shown by the findings themselves, that we quote it. It is as follows: "In my opinion, the evidence in this case shows that the defendant during the five years before suit has used all the water in its canal in irrigating land. It might, during that period, have used less than it did, and still the irrigation might have been sufficient. A man may eat three meals a day, and yet be able to live comfortably with only two. But, so far as the evidence shows, no water has been wasted, in any other sense than that more was applied than was reasonably necessary for irrigating the land that was irrigated. The precise question, therefore, is whether, as against a riparian owner, an appropriator of water can acquire title by prescription to the use, for the purpose of irrigation, of any greater quantity than was reasonably necessary for that purpose." It is clear enough from the findings that the learned trial judge determined that question in the affirmative, and for that reason deemed it unnecessary to make a finding on the question of the amount of water reasonably necessary for the irrigation of the land under defendant's canals, deeming

that question immaterial. Apparently the findings were prepared as they are with the very purpose on his part to make them present on appeal the particular question stated by him in his opinion to be the precise question involved.

The learned judge of the trial court substantially declared in his opinion that it is undoubtedly the law as between appropriators that if one has used more water than was reasonably necessary for the purposes to which it was applied, such excess was mere waste, to the use of which a title by prescription could not be acquired. He, however, concluded that the rule is not the same between an appropriator and riparian owners. There can be no question of the correctness of his view of the law as between appropriators. It is now well settled that an appropriator is not entitled to the quantity of water actually diverted and taken into possession, if he uses only a portion of it, and that his right is limited to the amount he actually uses for a beneficial purpose, not exceeding the carrying capacity of his ditch or canal. (See Wiel on Water-rights, secs. 478 and 479.)   "An appropriation of water by the owner of lands by means of a ditch is not measured by the capacity of the ditch through which the appropriation is made, but is limited to such quantity, not exceeding the capacity of the ditch, as the appropriator may put to a useful purpose" (*Smith* v. *Hawkins,* 120 Cal. 88, [52 Pac. 139]), "not by the amount which he took, not by the amount which he claimed, not, as the court decrees, by an amount sufficient to thoroughly and properly irrigate a thousand acres of land, but it would be measured by the amount which he had been actually taking and applying to a beneficial use upon that land." (*Leavitt* v. *Lassen Irr. Co.,* 157 Cal. 86, [29 L. R. A. (N. S.) 213, 106 Pac 404]. See, also, *Senior* v. *Anderson,* 115 Cal. 496, [47 Pac. 454]; s. c. 130 Cal. 290, [62 Pac. 563]; *Southside Imp. Co.* v. *Burson,* 147 Cal. 407, [81 Pac. 1107]; *Thayer* v. *California Development Co.,* 164 Cal. 117, [128 Pac. 21].) In *Senior* v. *Anderson,* 115 Cal. 496, [47 Pac. 454], it was squarely held that a diversion by an appropriator for any length of time would not give any right to him as against a subsequent appropriator, and that the application of the water to a beneficial purpose must mark the beginning of any adverse use. In section 586 of Wiel on Water-rights it is declared as follows: "To give color

of title the adverse claimant may have begun his use in any character whatever, but if he began it in the character of an appropriator, pretending to have a valid appropriation, he must have made his adverse use a use for a beneficial purpose. Since a right of appropriation cannot be held without beneficial use, one pretending to be an appropriator has no color of title without beneficial use. It is consequently held that the adverse use must be for a beneficial purpose; though the beneficial use need not be made immediately, a reasonable time being allowed, as in making the appropriation. Rental and sale is a beneficial use.'' This statement is fully supported by the authorities cited ·by the author.

It is further substantially declared wherever the question has been considered that beneficial use is not what is actually consumed, but what is reasonably necessary for the purpose to which the water is devoted, and that an excessive diversion of water for any purpose cannot be regarded as a diversion for a beneficial use, in so far as it is in excess of any reasonable requirement for that purpose. It has been said by the supreme court of Idaho that ''the law only allows the appropriator the amount *actually* necessary for the useful or beneficial purpose to which he applies it,'' and that ''the inquiry was therefore not what he had used, but how much was actually necessary.'' (See *Farmers' etc. Ditch Co.* v. *Riverside Irr. Dist.*, 16 Idaho, 535, [102 Pac. 481], and cases there cited.) There, as here (Civ. Code, sec. 1411), the statute prescribed that the appropriation must be for some useful or beneficial purpose, and that when the appropriator or his successor in interest ceases to use it for such a purpose, the right ceases. It was declared in the case last cited that it was the policy of the law of the state to require the highest and greatest possible duty from the waters of the state in the interest of agriculture and other useful and beneficial purposes. Such is clearly the policy of the law of this state. An examination of the authorities shows that the tendency of the decisions is to hold that any actual use in excess of reasonable requirement is waste (see Wiel on Water-rights, sec. 481), and that the excess cannot be held to have been applied to a beneficial or useful purpose. In *Senior* v. *Anderson,* where it was contended that the plaintiff's right to any of the water actually diverted was barred by the statute

of limitations, the plaintiffs being subsequent appropriators below the point of diversion of defendants, it was held that a diversion "of water, *not necessary for a useful purpose*, for any length of time, would not give a right as against the plaintiffs." (The italics are ours.)

The effect of the decisions clearly appears to be that one actually diverting water under a claim of appropriation for a useful or beneficial purpose, cannot by such diversion acquire any right to divert more water than is reasonably necessary for such use or purpose, no matter how long a diversion in excess thereof has continued, and that there is no such thing as the acquirement by such an appropriator of a title by prescription in so far as the excessive diversion is concerned.

While it may never have been expressly held in this state in a case where the question was directly involved that this doctrine may be invoked in favor of a riparian owner, it has been so stated. In stating the elements essential to the acquirement of title by prescription by an appropriator as against riparian proprietors, this court, in *Alta Land etc. Co.* v. *Hancock*, 85 Cal. 219, [20 Am. St. Rep. 217, 24 Pac. 645], included "actual and uninterrupted user . . . for a useful purpose." This statement was quoted with approval by the supreme court in Oregon in *Oregon Const. Co.* v. *Allen Ditch Co.*, 41 Or. 209, [93 Am. St. Rep. 701, 69 Pac. 455]. The same thing is strongly implied by the language used in our opinions in *Senior* v. *Anderson*, 115 Cal. 496, [47 Pac. 454] ; s. c. 130 Cal. 290, [62 Pac. 563], and in *Barrows* v. *Fox*, 98 Cal. 63, [32 Pac. 811]. We have already quoted from section 586 of Wiel on Water-rights, in so far as it is material to this question. We are of the opinion that the doctrine should be held applicable in favor of a riparian owner. The state has limited the right to appropriate the waters of a stream to such waters as are reasonably necessary for the purpose for which the water is in fact appropriated. In so far as the diversion exceeds such reasonably necessary amount, it is contrary to the policy of our law and unauthorized, is "a taking without right" (*Thayer* v. *California Development Co.*, 164 Cal. 117, [128 Pac. 21]), and can confer no right, no matter for how long continued. In so far as it is not in excess of such amount, it is a diversion authorized

and sanctioned so far as the state is concerned, and if the diversion is continued for the requisite time under such circumstances as to give a title by prescription, it will extinguish *pro tanto* the riparian rights below. (See *Gallaher* v. *Montecito Valley Water Co.,* 101 Cal. 242, [35 Pac. 770] ; *Arroyo Ditch etc. Co.* v. *Baldwin,* 155 Cal. 280, 285, [100 Pac. 874].) But we think it should be held to extinguish such rights only *pro tanto.* As long as one is claiming solely as an appropriator, as was the defendant here, for there is no pretense that there was any other basis for its claim, it necessarily follows, in view of what we have said, that his claim of right can include only such water as is reasonably necessary for the purpose for which the diversion was made, and the water in fact used. Such is the full extent of his claim in view of the law relating to the appropriation of water. His "color of title," as Mr. Wiel puts it, extends to no other water, and one of the necessary elements of the adverse possession essential to a title by prescription is lacking as to all water diverted in excess of that reasonably necessary for the purpose for which the diversion is made. The riparian owner cannot be held to have notice of any greater claim. The situation of the riparian owner in such a case is not at all analogous to that of a riparian owner who has purported to grant to another his riparian right without granting the land of which that right is part and parcel. The effect of such a grant is simply to convey the grantor's right to the use of the water on his own riparian land, and to estop the grantor to complain against any use of the water which the grantee may make to the injury of such riparian right. (See *Duckworth* v. *Watsonville Water etc. Co.,* 150 Cal. 526, [89 Pac. 338] ; *St. Helena Water Co.* v. *Forbes,* 62 Cal. 182, 184, [45 Am. Rep. 659].) Such estoppel is effective as to the whole riparian right of the grantor, simply because of the terms of his purported grant thereof. By reason of his voluntary act, he has waived for himself and his successors all claims based on the doctrine of riparian rights, and is in no position to complain of any invasion thereof by the grantee or his successors. In the absence of acts constituting an estoppel upon the riparian owner, section 1411 of the Civil Code is applicable in a controversy between one claiming by prescription solely as an appropriator and a riparian owner,

because it defines the extent of the only possible claim of right on the part of the appropriator to the use of the water, and in effect limits that claim, as we have seen, to so much water as is reasonably necessary for the purpose for which the appropriation is made. It is the full measure fixed by the law for the very claim he is asserting against the whole world, which necessarily includes the riparian owner below him. To no greater extent, we think, can the diversion by such an appropriator be held to constitute such an invasion of the rights of the riparian owner as to enable him to acquire a title by prescription against such owner.

In determining how much of the water in fact used had been reasonably necessary for the purpose for which it was used, we believe that a court should be liberal with the appropriator to the extent at least that it should not deprive him of any portion of the amount of water that he had in fact used for the period necessary to gain title by prescription, unless it is clearly and satisfactorily made to appear that he has used more than was reasonably necessary. The presumption would appear to be in his favor, for ordinarily one would not take the pains to use upon any land more than was reasonably necessary under all the circumstances. But we are of the opinion that the findings in this case have designedly been made to present the question of the use by defendant of water not reasonably necessary for the purposes for which it has been used, such a use as, in our view of the law, amounts to waste.

We do not desire to be understood as questioning in the slightest degree the well settled rule that the diverter, to use language contained in appellant's closing brief, whether designing to use the water himself or to furnish it to others, has a reasonable time, the situation and circumstances considered, within which to apply it to a beneficial use. This rule is, of course, peculiarly applicable to a person or corporation diverting water for the purposes of rental and sale to a specified district or neighborhood. But that rule does not appear to be at all pertinent on this appeal.

Whatever right the defendant has acquired by prescription to divert the waters of the Fresno River, is confined to such amount as is reasonably necessary for the lands for which the appropriation has been made. As said in an opinion of the

United States circuit court in the recent case of *San Joaquin & Kings River etc. Co.* v. *County of Stanislaus*, 191 Fed. 875, it is "based upon and is measured and limited by the beneficial use of certain consumers for which the water is being appropriated," such beneficial use including only such water as is required for the purpose for which it is used.

Learned counsel for respondent apparently seek to distinguish this case from one where the diversion of water is made by an owner of land for the purpose of irrigating his land, upon the ground that here the diversion was by a public service corporation for the purpose of distribution and sale to others for the irrigation of their lands. The claim appears to be, if we correctly understand the brief on this point, that as to such a company, the statute of limitations runs against riparian owners as to all the water actually diverted and conducted to the place of intended use with a present *bona fide* intention of distribution and selling the same to all owners of land susceptible of irrigation from its system, although none or only a part of the same is ever actually applied to the beneficial use of irrigation of lands. It is to be borne in mind that the appropriation here was for distribution and sale to owners of land to be used by them for the irrigation of their land, the lands to be irrigated being, of course, such lands as were susceptible of irrigation under defendant's system.

As we have stated, we do not understand that any question of the effect of the rule that the appropriator has a reasonable time, the situation and circumstances considered, within which to apply the water to a beneficial use, is presented by the findings in this case. Disregarding such considerations as may be based on that rule, we are unable to see, upon the case made by the findings, any distinction, in law or in fact, material to the question before us, between one diverting water for use on his land, and one diverting it for purposes of rental or sale to others for the irrigation of such of their land as is susceptible of irrigation under his system.

While it is true that water may be appropriated for sale, rental, or distribution, and while it has been said that a use "for the purposes of rental and sale of the water . . . is beneficial under the very terms of the constitution itself," this does not mean that the mere fact that the declared purpose

of the attempted appropriation is sale, rental, and distribution warrants the appropriation of more water than is reasonably necessary for the proper demands of those for whose ultimate use it is appropriated. For instance, if the appropriation be for the purpose of the sale and distribution of water to the owners of land in a district comprising say twenty thousand acres, for the irrigation of said lands, a taking of twice the amount of water reasonably necessary for the irrigation of all of said land would not appear to be warranted any more in the case of the appropriator for sale and distribution, than it would be if all of said owners had united in an attempted appropriation of the same. The ultimate beneficial use in each case is the same, the irrigation of such lands, and the interposition of an agency such as a corporation formed for the purpose of appropriating and distributing for a compensation the water for such beneficial use should not make any difference in the respect suggested. In neither case should there be held to be warrant for the taking of more water than is reasonably necessary for the ultimate use for which the appropriation is made, viz., the irrigation of such body of lands. This would appear to be very plain as to a case such as we have suggested. And as we look at it, such substantially is the case made by the findings before us. All of the water diverted and sold by defendant has not been reasonably necessary for the ultimate purpose for which it was appropriated, viz., the irrigation of the lands for the irrigation of which the water has been diverted. We are speaking of the case as it appears to us from the findings, and entirely without regard to the evidence. We are also speaking entirely without regard to the question of what is a reasonable time within which such a corporation as the defendant may apply the water diverted to a beneficial use. It is conceded by counsel for plaintiffs that the water so being applied to a beneficial use within what is a reasonable time under all the circumstances, "title by prescription should date from the date of diversion."

We are of the opinion that in the present condition of the findings, a finding on the question of the amount of water reasonably necessary for the irrigation of the lands supplied by defendant with water for irrigation was essential, and

that on account of the absence thereof a reversal must be ordered.

The judgment and order appealed from are reversed.

Sloss, J., Lorigan, J., Henshaw, J., and Melvin, J., concurred.