[Sac. No. 2268. In Bank.—March 23, 1915.]

ELIZABETH TURNER, as Administratrix of the Estate of William C. Turner, Deceased, and THE LAS ANIMAS AND SAN JOAQUIN LAND COMPANY, Respondents, v. THE EAST SIDE CANAL AND IRRIGATION COMPANY, Appellant.

WATER-RIGHTS—UNANSWERED CROSS-COMPLAINT SETTING UP SAME MATTERS AS ANSWER—TRIAL—FINDINGS ON ALL ISSUES—ALLEGATIONS OF CROSS-COMPLAINT NOT ADMITTED—APPEAL.—In an action by a riparian proprietor to determine conflicting claims to the waters of a stream, a cross-complaint which merely restates the affirmative allegations of the answer presents no new issues; and if the plaintiff fails to answer it, and the parties go to trial on the issues thus framed, and the trial is had on the theory that all the facts stated in the cross-complaint had been put in issue, and the findings completely cover every fact presented thereby, the defendant's objection that the allegations of the cross-complaint were admitted by the failure to deny the same cannot be successfully urged on appeal.

ID.—CONSTRUCTION OF FINDINGS—EXTENT OF RIGHT OF DIVERSION—PRESCRIPTION.—The finding in this action that the defendant has not and never had the right to divert from the stream at any time any greater quantity of water than 281 cubic feet per second, is held not to be contradictory of other findings, which while stating that the defendant had occasionally diverted a larger quantity of water, failed to show that he had acquired a prescriptive right to divert the excess.

ID.—TITLE TO WATER BY PRESCRIPTION—ADVERSE USE—CLAIM OF RIGHT. A prescriptive right to water from a stream cannot be obtained against a riparian owner unless the use of the water is adverse and under claim of right.

ID.—BENEFICIAL USE MUST BE MADE OF WATER—APPLYING EXCESSIVE QUANTITY TO LAND.—No prescriptive right to water diverted from a stream can be acquired, unless beneficial use is made of the water, no matter for what length of time the diversion continues. Applying

a greater quantity of water to land than is sufficient, does not constitute an application of the excess to beneficial use.

ID.—FINDING OF ACQUISITION OF PRESCRIPTIVE RIGHT.—Although the actual taking of water has been adverse, in the sense that it has been hostile, to the riparian owner, it is necessary that a finding of the acquisition of a prescriptive right thereto should find that the water was actually devoted to a beneficial use, that such use continued for five years, and that it was uninterrupted for that period.

ID.—CLAIM OF RIGHT TO DIVERT.—A mere claim of a right to divert water cannot establish a prescriptive title.

ID.—APPROPRIATION FOR PUBLIC USE—EXTENT OF ADVERSE CLAIM ESTABLISHED BY INITIAL PROCEEDINGS—FUTURE USE.—An appropriator of water to a public use, by beginning his adverse possession of the water he actually takes and puts to such use, does not at once institute an effectual adverse claim to all that he in good faith intends to take or use in the future. The taking of water into a canal and allowing it to run to waste in the expectation that customers may be found who will use it at some future time does not constitute a present beneficial use of the wasted water, so as to initiate the period of prescription therefor.

ID.—RIGHTS ACQUIRED BY APPROPRIATOR AGAINST RIPARIAN OWNER.—As to other appropriators under the code, the law may give the first appropriator a reasonable time for delivery of the water to those for whose use it was intended, but if this be so, which is not decided, no such rule applies to a riparian owner. Such owner has a present vested right before the appropriation begins, and his right cannot be divested by the mere assertion of an intention to claim the water, nor by posting notices of appropriation or beginning work in pursuance thereof, nor even by the actual diversion for less than five years, with a view to a future public use, if the water is in the mean time wasted, or not applied to public or beneficial use.

APPEAL from a judgment of the Superior Court of Merced County. E. N. Rector, Judge.

The facts are stated in the opinion of the court.

James F. Peck, for Appellant.

Frank H. Short, and Edward F. Treadwell, for Respondent Las Animas and San Joaquin Land Company.

George F. Buck, for Respondent Thomas C. Turner.

SHAW, J.—The record presents an appeal by the defendant from the judgment, upon the judgment-roll alone. The

same judgment-roll was before the court heretofore upon an appeal by the plaintiffs from that part of the judgment declaring that the defendants were entitled to divert from the San Joaquin River two hundred and eighty-one second feet of water. (*Turner* v. *East Side etc. Co.*, 168 Cal. 103, [142 Pac. 69].)

Upon the appeal by the plaintiffs above referred to the part of the judgment appealed from was reversed and the cause was remanded for a new trial to determine whether or not the defendant was entitled to divert from the river a flow of water exceeding seventy-five cubic feet per second, or second feet, as it may be called for brevity, and not exceeding two hundred and eighty-one second feet. The order of remand left the judgment below standing, in so far as it adjudged that the defendant was not entitled to divert more than two hundred and eighty-one second feet. The claim of the defendant here is that under the findings it is entitled to divert at least four hundred second feet of water from the river.

The defendant makes the preliminary claim that the allegations of the cross-complaint were not denied and that upon these allegations, which, in contemplation of law, as it claims, stand admitted, the defendant is entitled to a judgment declaring its right to take five hundred second feet of water from the river. This contention cannot be sustained. The complaint, in substance, alleged that the plaintiffs were the owners of land riparian to the river and as such entitled to the benefit of its natural flow, that the defendant had the right to divert therefrom seventy-five second feet of its waters, and no more, but that it claimed the right to take five hundred second feet of water and that it threatened to do so. The answer denied the alleged limitation upon defendant's right to take said water and averred that it had the right to divert five hundred second feet of water from the river and that whenever less than five hundred second feet was flowing therein, defendant had the right to take it all. These allegations, by operation of law, were deemed controverted and an issue was thereby formed. (Code Civ. Proc., sec. 462.) The cross-complaint merely restated the affirmative allegations of the answer. It presented no new issues. The defendant went to trial on the pleadings thus framed and the findings of the court completely cover every fact presented by the cross-complaint. The failure to answer was a technicality wholly with-

out effect and in nowise prejudicial to defendant in the trial
of the case. It does not appear that it was suggested to the
lower court as a reason for demanding such judgment, no de-
fault was taken and the findings conclusively show that the
case was tried below upon the theory that all the facts stated
in the cross-complaint had been put in issue. In such cases
the objection that the allegations were admitted by a failure to
deny the same cannot be successfully urged on appeal. (*Ger-
vaise* v. *Brookins,* 156 Cal. 110, [103 Pac. 332].)

The defendant also urges that the judgment should be re-
versed because the findings are contradictory. We think they
are harmonious, but as this question involves the facts upon
which it is claimed that the judgment should have given the
defendants a right to divert four hundred second feet of
water it is proper to state it more elaborately. Finding No.
20 is as follows: "The defendant has not and never had the
right to divert from said San Joaquin River at any time, any
greater quantity of water than two hundred and eighty-one
cubic feet per second." The part of the findings claimed
to be contradictory of this is a portion of finding 25 reading
as follows: "The defendant not continuously but occasionally
since the year 1890 has diverted from said San Joaquin
River at the head of its said canal at said river four hundred
cubic feet per second of the water flowing in the said San
Joaquin River at that place, and at times when less than
four hundred and more than two hundred and eighty-one
cubic feet of water per second was flowing in said river at
said place, the said defendant diverted all the water then
flowing in said San Joaquin River at said place." Also a
part of finding 26, which is as follows: "The said diversion
of said four hundred cubic feet of water per second from said
San Joaquin River was made openly, notoriously, peaceably
and uninterruptedly, with the full knowledge of said plain-
tiffs and their predecessors and grantors, and has been made
occasionally ever since the said year 1890." It will be ob-
served that neither of these findings declare that the taking
of the water in excess of two hundred and eighty-one second
feet was adverse to plaintiffs or that it was under a claim
of right to do so, nor that it was diverted continuously. A
prescriptive right to water from a stream cannot be obtained
against a riparian owner unless such use is adverse and under
claim of right. Without this element the finding cannot be

considered as contradictory of the explicit statement in finding 20 that the defendant's right does not exceed two hundred and eighty-one second·feet. Furthermore, other parts of the findings show that the excess above two hundred and eighty-one second feet was not beneficially used. Finding 25 proceeds to state that this excess was caused to run down the canal of defendant to distances unknown and that no greater amount was intended to be used at the particular time than was necessary to irrigate the lands described as having been irrigated with said quantity of two hundred and eighty-one second feet, and that "the application of any greater amount of water to said lands than two hundred and eighty-one second feet would have been waste." As to the two hundred and eighty-one second feet the court, in finding 26, found expressly that it was made openly, notoriously, exclusively, uninterruptedly, and adversely to plaintiffs under a claim of right against plaintiffs and with plaintiffs' knowledge ever since the year 1890, and the latter part of finding 27 states that all of the said four hundred second feet "so diverted occasionally by defendant from said San Joaquin River could be beneficially applied to the irrigation" of lands along the ·canal, but that at such times, when all the water diverted ·was not used for irrigation, stock, and domestic purposes, "the quantity not so used was permitted by the defendant to escape from" the canal into natural channels and was not thereafter reclaimed or used for any beneficial purpose. These statements of findings 25 and 27 show that the excess over two hundred and eighty-one second feet was either applied where it was not needed and, consequently, not to beneficial use, or that it was not used at all and was permitted to run to waste from the canal. The taking of more than two hundred and eighty-one second feet and applying all of it to land for which two. hundred and eighty-one second feet was sufficient, would not constitute an application of the excess to beneficial use. Without such beneficial use of water diverted from a stream, no prescriptive right thereto can be acquired. (*California etc. Co.* v. *Madera etc. Co.,* 167 Cal. 78, [138 Pac. 718].) It is obvious from these considerations, therefore, that the findings are not only not contradictory, in effect, in this particular, but that they are not sufficient to sustain the claim of the defendant that it is entitled to

judgment thereon declaring that it is entitled to water in excess of two hundred and eighty-one second feet.

The defendant argues that as it appears from the findings that at the times when the four hundred second feet was diverted the two hundred and eighty-one second feet constituted a part of it, and that as the taking of two hundred and eighty-one second feet was found to be adverse, it necessarily follows that the entire diversion was adverse because it constituted an entire and indistinguishable body of flowing water. The adverse character of the actual taking of the excess may be admitted for argument's sake, in the sense that it was hostile, but as there is no finding that the excess was devoted to a beneficial use, the defendant, as we have seen, cannot acquire a right to continue taking it by doing so for any period of time. For like reasons, the finding that when there was only four hundred second feet flowing in the river, or less, the defendant has diverted it all, does not give the defendant a right to continue taking that quantity, the reason being that only two hundred and eighty-one second feet was at such times actually put to use. Furthermore, here again the period of taking is not specified, the finding stating merely that it was done "at times" when the flow was four hundred second feet or less, but not stating that it was during all of such times. Findings must be construed so as to uphold a judgment rather than to require a reversal. There is a statement in finding 21 that the defendant "has claimed and now claims adversely to plaintiff" the right to divert five hundred second feet of water from said river. A mere claim cannot establish a prescription. The finding does not state that this water was actually used nor that it continued five years nor that it was uninterrupted for that period.

There is no merit in the argument that when a person appropriates water to a public use he not only begins his adverse possession of the water he actually takes and puts to such use, but that he also at once institutes an effectual adverse claim to all that he in good faith intends to take or use in the future. The taking of water into a canal and allowing it to run to waste in the expectation that customers may be found who will use it at some future time does not constitute a present beneficial use of the wasted water, so as to initiate the period of prescription therefor. As to

other appropriators under the code, the law may give the first appropriator a reasonable time for delivery of the water to those for whose use it was intended, but if this be so, which we do not say, no such rule applies to a riparian owner. Such owner has a present vested right before the appropriation begins, and his right cannot be divested by the mere assertion of an intention to claim the water, nor by posting notices of appropriation or beginning work in pursuance thereof, nor even by the actual diversion for less than five years, with a view to a future public use, if the water is in the mean time wasted, or not applied to public or beneficial use.

With respect to the excess over two hundred and eighty-one second feet, the findings lay no foundation for the application of the doctrine of acquiescence in public use, recently announced in *Miller & Lux* v. *Enterprise Canal Co.,* (S. F. No. 6061), *ante,* p. 415, [147 Pac. 567], decided February 19, 1915, for that excess, so far as appears, has not been devoted to public use nor to any useful purpose whatever.

We find no other points requiring discussion.

The judgment is affirmed.

Sloss, J., Lorigan, J., Henshaw, J., Melvin, J., and Angellotti, C. J., concurred.