[Sac. No. 2664.   In Bank.—February 18, 1919.]

## UNION COLONIZATION COMPANY (a Corporation) et al., Appellants, v. MADERA CANAL AND IRRIGATION COMPANY (a Corporation), Respondent.

Water and Water Rights—Amount Reasonably Necessary for Irrigation—Sufficiency of Finding.—In an action by owners of lands riparian to a river to determine the extent of the right of the defendant to divert waters therefrom, a finding declaring, in effect, that for more than five years next preceding the commencement of the action the defendant has continuously, openly, and uninterruptedly and adversely to the plaintiffs and to all the world appropriated, taken, and diverted from the river into and through its canals, water to the extent of two hundred cubic feet per second when there was sufficient water in the river to furnish that amount, and when the water in the river was insufficient, has taken, diverted, and appropriated all the waters flowing in 'the river, and that such water has been distributed, rented, sold, and used for the purpose of irrigating a large body of land, and that the same and the whole thereof has been and is reasonably necessary for the due irrigation thereof, is a sufficient finding on the issue tendered by the complaint that "one hundred cubic feet of water flowing per second is all the water which was or is reasonably required for the irrigation of all the lands irrigated from or under defendant's said canals."

Id.—Determination of Amount Reasonably Necessary—Rights of Appropriator—Prescription—Rule.—In such an action, in determining how much of the water in fact used had been reasonably necessary for the purposes for which it was used, a court should be liberal with the appropriator to the extent at least that it should not deprive him of any portion of the amount of water that he had in fact used for the period necessary to gain title by prescription, unless it is clearly and satisfactorily made to appear that he has used more than was reasonably necessary.

Id.—Diversion of Water from Fresno River—Amount Reasonably Necessary for Irrigation—Finding—Sufficiency of Evidence.— In this action by riparian owners to determine the extent of the right of defendant to divert waters from the Fresno River, it is held the finding that water to the extent of two hundred cubic inches per second was reasonably necessary for the irrigation of the lands served by defendant's system of canals is supported by the evidence.

EVIDENCE—QUALIFICATIONS OF EXPERT—DISCRETION.—Whether a witness is qualified as an expert is to be determined in the first instance by the trial court, and in so deciding it has a wide range of discretion.

APPEAL from a judgment of the Superior Court of Madera County.   George E. Church, Judge Presiding.   Affirmed.

The facts are stated in the opinion of the court.

Short & Sutherland and Edward F. Treadwell, for Appellants.

Robert L. Hargrove, for Respondent.

SLOSS, J.—This action was brought in the superior court of Madera County by owners of lands riparian to the Fresno River to determine the extent of the right of the defendant to divert waters from said river.   The suit was instituted in 1900 by California Pastoral and Agricultural Company, Limited, and others, then the owners of the lands alleged to be affected by the diversion complained of.   A trial resulted in a judgment declaring that the defendant, Madera Canal and Irrigation Company, was entitled to divert and take from the Fresno River water to the extent of 250 cubic feet running per second when there was sufficient water to furnish that amount, and all of the waters flowing in the river at the point of diversion when there was less.   The plaintiffs appealed from the judgment and from an order denying their motion for a new trial, and the judgment and order were reversed. (*California Pastoral & Agr. Co.* v. *Madera Canal & Irr. Co.,* 167 Cal. 78, [138 Pac. 718].)   The court below had found that the amount of water allowed had been diverted by the defendant for the statutory period and beneficially used in the irrigation of lands lying under the flow of defendant's system of canals and ditches, but that a smaller amount would be sufficient to irrigate the lands which had been, during said period, irrigated by the defendant.   In its findings, the court declared itself to be unable to determine the exact amount of water that would be sufficient for that purpose.   Upon the appeal, this court held that the right of the appropriator was limited to the amount of water "reasonably necessary to be diverted from the river for the proper irrigation of the lands

irrigated by defendant by means of its system." A finding of the amount reasonably necessary for this purpose was declared to be essential.

Following the judgment on the former appeals, the present plaintiffs were substituted as successors to the interest of the original complainants. There was a new trial, which resulted in a judgment declaring, (1) that the defendant is entitled to divert and take from the Fresno River water to the extent of two hundred cubic feet per second when there is sufficient water in the river to furnish that amount, and all of the flow when there is less; (2) that the plaintiffs are entitled to the full flow of all of the waters of the river in excess of the amount awarded to the defendant; and (3) that the defendant be enjoined from taking or diverting from said Fresno River any water in excess of the amount to which it had been declared to be entitled. The plaintiffs appeal from the first part of the judgment, i. e., that declaring the defendant's right to divert water to the extent of two hundred cubic feet per second.

The complaint alleged that "one hundred cubic feet of water flowing per second is all the water which was or is reasonably required for the irrigation of all of the lands irrigated from or under defendant's said canals." It is claimed that the court failed to find on the issue thus tendered. But finding XI made by the court fully covers and disposes of this matter. That finding declares, in effect, that for more than five years next preceding the commencement of the action the defendant has continuously, openly, and uninterruptedly, and adversely to the plaintiffs and to all the world, appropriated, taken, and diverted from the Fresno River into and through its canals, water to the extent of two hundred cubic feet running per second when there was sufficient water in the river to furnish that amount, and when the water in the river was insufficient, has taken, diverted, and appropriated all the waters flowing in the river, and has distributed, sold, and used the same for the purpose of irrigation; that the water so appropriated and diverted has been by the defendant "distributed, rented, sold and used beneficially for the purpose of irrigating a large body of land, viz., about fourteen thousand acres, lying under and irrigable from defendant's system of canals, and that the same and the whole thereof has been and is reasonably necessary for the due and proper irrigation

thereof.'' The finding thus declares in terms that water to
the extent of two hundred cubic feet per second is reasonably
necessary for the irrigation of the lands served by the defend-
ant, and this is, of course, a direct negation of the averment
that one hundred cubic feet is all that is required for that
purpose.

The principal question presented on this appeal is that of
the sufficiency of the evidence to sustain the finding to which
we have just referred. The appellants contend with great
vigor that the evidence establishes that the company did not,
during the five years preceding the action, irrigate in excess
of ten thousand acres, and that a continuous flow of two hun-
dred cubic feet would be adequate to irrigate land far in ex-
cess of ten thousand, or even of the fourteen thousand acres
which the court finds to have been supplied by the defendant's
system. We see no occasion to go into a detailed analysis of
the great volume of evidence embodied in the bill of excep-
tions, which contains over seven hundred printed pages. The
earnestness and zeal of appellants' counsel seems to have led
them to the conviction that the court below should have given
credence to the testimony supporting their contention, and re-
jected everything in conflict therewith. An argument based
on such a view cannot, of course, receive favorable attention
here. Questions of weight of evidence and credibility of wit-
nesses are for the trial court, and its conclusion on disputed
issues of fact must be accepted as controlling on appeal, where
that conclusion has the support of substantial evidence. We
are satisfied that the finding attacked has such support in this
case. On the essential elements involved there was a sharp
conflict. There was abundant evidence tending to show that
for the statutory period preceding the commencement of the
action the defendant had actually diverted a flow equal to,
or exceeding, two hundred cubic feet per second when that
amount of water was flowing in the river. There was evi-
dence to show that the amount of land actually irrigated by
the canal system was almost, if not quite, equal to fourteen
thousand acres. This sufficiently supports the finding, which,
as we have seen, fixes the amount at ''about fourteen thousand
acres.'' The essential point in the finding is not whether the
area irrigated equaled the exact amount stated, but whether
the two hundred feet allowed to the defendant was reasonably
necessary for the irrigation of the area actually supplied, be

that area a little more or less. On this last factor in the problem both parties introduced considerable evidence. Suffice it to say that the defendant presented abundant proof in support of the conclusion that the quantity allowed by the judgment was not more than enough, if, indeed, it was enough, to properly supply the land which had been taking water from the system. In considering the evidence bearing on this issue. the court below was probably guided, as we must be now, by the views declared by this court on the former appeal. It was there said:

"In determining how much of the water in fact used had been reasonably necessary for the purpose for which it was used, we believe that a court should be liberal with the appropriator to the extent at least that it should not deprive him of any portion of the amount of water that he had in fact used for the period necessary to gain title by prescription, unless it is clearly and satisfactorily made to appear that he has used more than was reasonably necessary. The presumption would appear to be in his favor, for ordinarily one would not take pains to use upon any land more than was reasonably necessary under all the circumstances."

Bearing these considerations in mind, it must be held that the court below did not, in making the finding complained of, go beyond the point permitted by a fair and reasonable interpretation of the evidence.

It is further claimed that the court erred in several rulings.

The defendant was allowed to plead by supplemental answer, and to offer in evidence, a judgment entered in an action brought in the superior court of Merced County by Miller & Lux (a corporation), which concededly was acting on behalf of all of the parties plaintiff in this case, against the defendant herein. That action, which was begun during the pendency of the present one, was brought to enjoin a threatened diversion of water, alleged to be in addition to that involved in this action. An appeal was taken from an order granting a preliminary injunction in the Merced County case, and the order was affirmed by this court. (*Miller & Lux* v. *Madera Canal etc. Co.*, 155 Cal. 59, [22 L. R. A. (N. S.) 391, 99 Pac. 502].) Thereafter the cause was heard on the merits, and the judgment now under discussion entered. That judgment enjoined the defendant from diverting more than 250 second-feet from the Fresno River, but contained other provisions

making it manifest that the court was not, in that action, attempting to pass upon the question in litigation in this action, viz., the extent of the prescriptive right of the defendant, but was merely fixing the amount of the permitted diversion provisionally, i. e., for the purposes of the Merced County suit, and pending the final determination of the present action. It may be that the court below should not have permitted that judgment to be pleaded or proven herein, but the error, if any was committed, was harmless. The judgment was certainly not treated as constituting an adjudication that the defendant was entitled to divert 250 second-feet, for the judgment herein limits it to two hundred feet. The court below seems to have entertained the idea that the Merced judgment established a *prima facie* case in favor of the defendant's right to divert 250 feet. But even this view, if erroneous, seems to have had no substantial effect upon the ultimate result, for the court, in cutting the amount allowed down to two hundred feet, must have regarded the supposed *prima facie* showing as overcome by the evidence outside of the judgment.

The other assignments of error are not of sufficient importance to merit extended discussion. The witness Smith was permitted, over the objection of the plaintiffs that he had not been shown to be qualified, to give an opinion regarding the amount of water reasonably required for the irrigation of lands under the defendant's system. We think there was no error in this ruling. Whether a witness is qualified as an expert is to be determined in the first instance by the trial court, and in so deciding the trial court has a wide range of discretion. (*Howland* v. *Oakland C. S. Ry. Co.*, 110 Cal. 513, 521, [Ann. Cas. 1912D, 817, note, 42 Pac. 983].) In view of the witness' statements regarding his experience and study, the court did not abuse its discretion in permitting him to answer the question. In any event, the ruling was of slight importance, since the testimony was merely corroborative of that given by many other witnesses who testified without objection.

Finally, it is urged that the court should not have permitted the defendant to introduce in evidence a report of the United States Reclamation Service relative to the operation and maintenance of reclamation projects, some of them in other states. These reports, and some testimony given in relation thereto, were, perhaps, not very directly relevant to the subject under inquiry here. But considerable evidence of substantially like

import was introduced without objection, and the rulings in question were not of sufficiently serious import to constitute ground for reversal.

The judgment is affirmed.

Wilbur, J., Melvin, J., Lennon, J., Lawlor, J., and Angellotti, C. J., concurred.