[Civ. No. 4449.   Third Appellate District.—November 20, 1931.]

W. J. JOHNSTON, Appellant, v. CHARLES M. WHEELER et al., Respondents.

C. Ibeson Sweet for Appellant.

Henry St. Rayner for Respondents.

JAMISON, J., *pro tem.*—Plaintiff brought this action for declaratory relief. He sets forth in his complaint that on or about July 13, 1927, defendant Marion R. Paddock made and executed his note for $1600 to the order of the Bank of Italy National Trust & Savings Association, and secured same by a deed of trust, said bank being then the guardian of defendant Charles M. Wheeler. That on June 15, 1928, the said Wheeler having been restored to capacity by decree of court, the said note and deed of trust were assigned to him by said bank. That on September 26, 1928, the said Wheeler sold said note and deed of trust to plaintiff for $1,000, and thereupon indorsed said note and assigned said deed of trust to plaintiff, and delivered same to defendant bank, with instructions to deliver said instruments to plaintiff on payment of $1,000 for the use of said Wheeler. That the said $1,000 has been deposited with said bank from September 26, 1928, to the present time. That plaintiff has continually demanded of said bank the said note and deed of trust, but the same are still held by said bank. That on October 9, 1928, the said Wheeler notified said bank not to deliver said note and deed of trust to plaintiff. He therefore asked judgment that the said note and deed of trust be ordered delivered to him by said bank. Defendant Wheeler answered, admitting the ownership of the said note and deed of trust, his restoration to capacity, and that he notified said bank on October 9, 1928, not to deliver said note and deed of trust to plaintiff, but denied the other allegations of the complaint. And for a second further, separate and distinct defense to the complaint he alleged that on September 26, 1928, he was the owner of the said note and deed of trust referred to in the complaint, and that he agreed to sell same to plaintiff for $1,000, upon the express condition that plaintiff would deliver said sum to said bank, and upon the delivery by said Wheeler of said note and deed of trust to said bank on the 26th of September, 1928, the said $1,000 would be paid over to him.

That in conformity with said agreement on September 26, 1928, the said Wheeler delivered said note and deed of trust to said bank, with instructions to deliver same to plaintiff upon his compliance with said agreement. That on September 26, 1928, and on various dates up to October 9, 1928, said Wheeler demanded of plaintiff that he pay, or cause to be paid to him, the said $1,000, but that plaintiff refused, and still refuses so to do. That on September 26, 1928, and at various other times, said Wheeler demanded of said bank that it pay to him the said sum of $1,000, or redeliver to him the said note and deed of trust, but that said bank failed and refused, and still fails and refuses so to do. That on October 9, 1928, said Wheeler notified plaintiff and said bank that inasmuch as they had each of them violated the terms of said agreement, he demanded of them a return to him of said note and deed of trust, but that they, and each of them, have refused to comply with said demand.

Wheeler also filed, in conjunction with his answer, a cross-complaint, in which he set out, word for word, the exact facts contained in his second defense. Service of said cross-complaint was duly had upon plaintiff on December 20, 1928, but no service was had upon the bank.

On January 8, 1929, plaintiff having failed to answer the cross-complaint, default was entered against him, and thereafter, on January 9, 1929, upon a hearing duly had, judgment was rendered in favor of the said Wheeler, and against plaintiff and said bank canceling the said agreement, and ordering the said bank to redeliver to said Wheeler the said note and deed of trust. On January 21, 1929, the judgment was set aside as to the said bank.

Appellant contends that the cross-complaint is merely a repetition of the defenses set up in respondent's answer, and therefore does not require an answer on his part. We are of the opinion that this conclusion is well taken. The cross-complaint is a *verbatim* copy of the second defense set up in respondent's answer.

In the case of *Turner* v. *Eastside Canal etc. Co.*, 169 Cal. 652 [147 Pac. 579], the Supreme Court declared that the cross-complaint merely restated the affirmative allegations of the answer. It presented no new issue, and its allegations were deemed controverted by operation of law, and an issue was thereby formed. (Code Civ. Proc., sec. 462; *Banning* v.

*Banning,* 80 Cal. 271 [13 Am. St. Rep. 156, 22 Pac. 210]; *Shain* v. *Belvin,* 79 Cal. 262 [21 Pac. 747].)

In the case of *Baird* v. *Pacific Electric R. Co.,* 39 Cal. App. 512 [179 Pac. 449, 451], the court said: "The provisions of section 462 of the Code of Civil Procedure that 'the statement of any new matter in the answer in avoidance, or constituting a defense or counter-claim, must, on the trial be deemed controverted by the opposite party', entitles the plaintiff to introduce, without further pleading, evidence to sustain any legitimate defense to the new matter in the answer." Every allegation contained in the so-called cross-complaint was therefore, deemed in law, to have been controverted by plaintiff, and no further answer denying the said allegations, was required of him. The acceptance of service of the said cross-complaint did not bind him to answer a paper which was not in fact a cross-complaint. (*Harrison* v. *McCormick,* 69 Cal. 616 [11 Pac. 456].)

The plaintiff is entitled to a trial on the issues raised by the complaint and the answer.

The judgment is reversed.

Thompson (R. L.), J., and Preston, P. J., concurred.