| 19 | 131 |
| 42 | 151 |

### Thomas Netcott v. B. W. Porter, *et al.*

1. Motion for New Trial; *Unsupported Verdict.* When the assignment of error is, that a verdict is contrary to law, or contrary to the evidence, unless the assignment is clearly and satisfactorily sustained by the record the judgment will be affirmed.

2. Reply, *When Unnecessary.* An answer which merely puts in issue allegations of the petition does not need a reply.

3. ———— *Waiver of Reply.* Where a case is tried by both parties as though all the allegations of the answer were in issue, it must be deemed, under such circumstances, that a reply was waived, even if under other circumstances a reply should be considered as necessary.

*Error from Cloud District Court.*

A mechanic's lien was filed by *B. W. Porter* and *Holden Beard,* and an action commenced thereon by them. They

had entered into a contract with *Netcott* to construct for him a house and cistern. On this contract, and for extra work on the house and cistern, plaintiffs claimed $1,155, less payments made by defendant amounting to about $500. Included in said sum of $1,155, is an item of $300 "liquidated damages," specified in the contract, and alleged to be due by reason of defendant's breach of the contract. Defendant answered, 1st, a general denial, except as to the admitted payments; 2d, that plaintiffs had not performed their contract; 3d, certain payments in money and goods. Plaintiffs demurred to the second defense, and replied to the third. The demurrer was sustained, and defendant amended his second defense, alleging that he had "performed his part of the contract." Trial at the October Term 1875 of the district court. Verdict and judgment for plaintiffs for $156.50.

With respect to the payments made by defendant to plaintiffs on account of their total claim, exclusive of the claim for "liquidated damages," defendant, (plaintiff in error,) in his brief sets forth two tables, or "showings," one of which contains 52 items, amounting to $675.32, which he claims were shown by plaintiffs' testimony appearing in the record; and the other table contains 60 items, amounting to $890.41, which he claims were shown by his (defendant's) testimony; and the difference between these "showings" being greater than the verdict for plaintiffs, defendant below contends that the verdict is contrary to the evidence.

*L. J. Crans,* for plaintiff in error.

*Strain & Sturges,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: The plaintiff in error assigns, in his petition in error, eight different grounds for a reversal of the judgment of the court below. But on the hearing in this court, and in his brief, he seems to abandon all but two of them — the sixth and seventh. The first five of said assignments relate to the refusal of the court below to give certain

instructions to the jury, and the eighth is, that "the court erred in rendering judgment against the plaintiff" in error. These assignments (the first five, and the eighth,) are evidently all untenable. Under the evidence in the case the court gave all the instructions that were necessary, and under the verdict in the case the court rendered the proper judgment. But without entering into any greater particularity with regard to these, we pass to the sixth and seventh assignments.

I. The sixth assignment is, that "the court erred in overruling the defendant's motion for a new trial." And the only grounds upon which the motion for a new trial was made, are as follows: "1st, The verdict is contrary to law; 2d, The verdict is contrary to the evidence." Now we cannot say from the evidence brought to this court that the verdict is contrary to either the law or the evidence; and therefore we cannot say that the court below erred in overruling the defendant's motion for a new trial. Under the rules of law, repeatedly enunciated by this court, we think the evidence is sufficient to sustain the verdict; and if it is, then we suppose it will not be claimed that the verdict is contrary to law. The plaintiff in error, defendant below, gives in his brief two lists of items claimed by him to be payments made by him to the plaintiffs below. One of these lists he entitles, "plaintiffs' showing," and the other he entitles, "defendant's showing." Now whether either the plaintiffs or the defendant ever made any such showing, we hardly think it necessary to consider. For even if the largest list were true, it would not even then necessarily follow that the judgment of the court below should be reversed. But we do not think that either list is true. Of course there was some evidence to support said lists, but still as we think, and as the court below and the jury evidently thought, they are not true with respect to all their items. The list entitled "plaintiffs' showing," is the smallest list in its aggregate amount, but even that list is too large. The plaintiffs never made any such showing as that list imports that they did. Many of the items

1. Motion for new trial; verdict; evidence.

therein inserted are only to be found in the defendant's evidence. And some of such items we think are too large, some of them are repeated, and some of them are not true at all. Or at least we cannot say from the evidence that they are not too large, or are not repeated, or that they are true. Taking all the evidence together, we cannot say that the verdict is contrary to the evidence. We cannot even say that it is contrary to the weight of the evidence, or the preponderance of the evidence. We therefore think that the motion for a new trial was rightfully overruled.

II. The seventh assignment for error is, that "the court erred in overruling the defendant's motion for judgment." This motion was made upon the ground that the plaintiffs had not replied to the second defense stated in defendant's answer as amended, and that said second defense for that reason should be taken as true. Now the record shows at least two good answers to this assignment; and the defendants in error say in their brief that there is still another good answer which the record does not show. We however can take notice of only what the record shows. The answers to said assignment as shown by the record are— first, the amended answer did nothing more than to put in issue allegations already set forth in the plaintiffs' petition, and therefore it was not necessary for the plaintiffs to reply to said answer. (*Wilson v. Fuller*, 9 Kas. 177, 192, 193.) Second, the case was tried by both parties as though all the allegations of the amended answer had been put in issue; and therefore, under such circumstances, it must be deemed that a reply was waived, even if under other circumstances a reply would have been necessary. (*Wilson v. Fuller*, supra; *Russell v. Smith*, 14 Kas. 366; *Bent v. Philbrick*, 16 Kas. 190; *Holden v. Clark*, 16 Kas. 346, 357; *Hopkins v. Cothran*, 17 Kas. 173, 178, 179; *K. P. Rly. Co. v. Taylor*, 17 Kas. 566, 569; *Walker v. Armstrong*, 2 Kas. 198, 222.)

The judgment of the court below will be affirmed.

All the Justices concurring.