|116 487|
|126 235|
|126 299|
|116 487|
|137 113|

</div>

[L. A. No. 172.   Department Two.—April 8, 1897.]

## JAMES McLAUGHLIN, Appellant, v. HENRY CLAUSEN, Respondent.

PRACTICE—DISMISSAL—VERBAL STIPULATION—APPEAL. — Where the evidence as to a verbal agreement between the attorneys for the respective parties for a delay in the trial of a case is conflicting, the action of the trial court in dismissing the case for want of prosecution, several years having elapsed without any effort on the part of the plaintiff to bring it to trial, will not be reviewed on appeal.

ID.—CONFLICT OF EVIDENCE.—Verbal stipulations with reference to proceedings in pending actions cannot be regarded except so far as they are admitted by the parties against whom they are sought to be enforced, or have been wholly or in part executed. And if a party against whom a verbal stipulation is invoked, denies that such a stipulation was made, the court will not hear the parties for the purpose of settling the dispute.

Appeal from a judgment of the Superior Court of Los Angeles County. Walter Van Dyke, Judge.

The facts are stated in the opinion.

*P. W. Dooner*, for Appellant.

*Schutze & Luckel*, for Respondent.

Belcher, C.—This is an action upon a promissory note for four hundred dollars, executed by the defendant to the plaintiff on December 27, 1887, and payable four months after date, with interest.

The complaint was filed October 27, 1888. The answer admitted the making of the note, and that plaintiff was the owner and holder thereof, and that no part of the same had been paid. It then sets up facts which it was claimed constituted a defense to the action.

The plaintiff demurred to the answer upon the ground that it did not state facts sufficient to constitute a defense, and the demurrer was sustained. The defendant declined to amend his answer, and thereupon judgment was entered in favor of the plaintiff.

From that judgment the defendant appealed to this court, where it was held that the facts set up in the answer were sufficient if true to constitute a defense to the action. The judgment was accordingly reversed, and the court below was directed to overrule the demurrer. (*McLaughlin* v. *Clausen*, 85 Cal. 322.)

The remittitur was filed in the court below on September 19, 1890. Thereafter, as shown by the minutes of the court, the case was on April 6, 1891, "set for trial April 28, 1891." On the last named day the "trial of cause passed by consent." On July 6, 1891, the case went "over." On October 5, 1891, the case went "over." On January 5, 1892, the case went "off calendar."

Nothing more appears to have been done in the case until October 15, 1895, when plaintiff caused a writ of attachment to be issued and levied on the property of defendant.

On October 23, 1895, defendant served and filed notice that he would move the court to dismiss the action, upon the ground that "plaintiff has failed and neglected to prosecute this action, and has willfully kept this action pending for an unreasonable length of time without making any effort whatever to bring it to trial."

The motion was heard on November 4, 1895, and granted, and three days later judgment dismissing the action was duly filed and entered of record. From that judgment the plaintiff appeals.

At the hearing of the motion the judgment-roll, the minutes of the court and the remittitur in the former appeal, and also the remittitur in the case of *Witmer Brothers Co.* v. *Weid*, 108 Cal. 569, which was filed in the court below on September 28, 1895, were produced and called to the attention of the court, and affidavits on behalf of the respective parties were introduced and read.

That the court had power to dismiss the action for want of prosecution is settled law (*Grigsby* v. *Napa County*, 36 Cal. 585; 95 Am. Dec. 213; *Simmons* v. *Keller*, 50 Cal. 38; *Pardy* v. *Montgomery*, 77 Cal. 326; *Kubli* v. *Hawkett*, 89 Cal. 638); and the only question is, did it abuse its discretion in so doing?

It will be observed that there is nothing in the record, except the affidavit read for plaintiff, showing that any order of the court postponing the case, after that of April 28, 1891, was made with the knowledge or consent of the defendant or his attorney. The names of the attorneys were placed on the calendar when it was made up by the clerk before the case was called, but so far as appears the orders may have been made in the absence of the attorneys for both sides.

The affidavit read for the plaintiff was made by his attorney, Mr. Dooner, and it stated that "the orders of April 28, 1891, July 6, 1891, October 5, 1891, and January 5, 1892, were made and entered by the consent of the parties in open court—this affiant representing the

plaintiff, and John Robarts, now deceased, representing the defendant therein."

It further stated, in substance, that the cause of the last continuance was as follows: That affiant had instructions to commence the suit of *Witmer Brothers Company* v. *Weid* as soon as practicable under the difficulties of procuring the necessary evidence therein; that that suit would be based upon the promissory notes of Weid, made to McLaughlin and assigned to the Witmer Brothers Company of the same date and under the same contract of subsidy as the Claussen notes; that a question as to the sufficient delivery of the Weid notes would be likely to arise under the refusal of said Weid to regularly deliver his said subsidy notes, while no such facts existed in the case of the delivery of the notes of Claussen; "that affiant and the said Robarts were both of the opinion, and so expressed such opinion, each to the other, that the determination of the issues in the case of *Witmer* v. *Weid*, aforesaid, would in all reasonable probability determine the rights of the parties in the present case"; that in the month of January, 1892, affiant informed Robarts "that he had such instructions, and that in the event that final judgment should go against the plaintiff in the case of *Witmer Brothers Company* v. *Weid*, aforesaid, he would advise the dismissal of the above entitled cause, but that otherwise it should be regularly set for trial and tried; that said cause was thereupon, and in pursuance of said understanding, taken off the calendar by consent of the parties plaintiff and defendant as aforesaid"; that thereafter, in April, 1893, the action of *Witmer Brothers Company* v. *Weid* was commenced, and on March 3, 1894, judgment therein was rendered in favor of the plaintiff and against the defendant, which said judgment was thereafter affirmed upon appeal; and that in July, 1893, Robarts died.

A counter affidavit, made by defendant, was read, in which it was stated, in substance, that when the supreme court rendered its decision in this case affiant was told by his attorney that that decision had settled the whole

case, and that it would never again be tried; that he never authorized Mr. Robarts to continue the case or keep it pending, as stated in the affidavit by Mr. Dooner, or at all; on the contrary, his instructions to his attorneys had all along been to push the case to a final determination, and they well knew that he wanted the case pushed to a trial, if any trial was to be had in it; "that there never was a written stipulation to continue and keep in abeyance this action between the said Dooner and the said Robarts, and if said Robarts did make such a stipulation by parol he did it without any authority from me and against my positive instructions in the case."

Under this showing we cannot say that the court abused its discretion in making the order.

Section 283 of the Code of Civil Procedure provides: "An attorney and counselor shall have authority: 1. To bind his clients in any of the steps of an action or proceeding by his agreement filed with the clerk or entered upon the minutes of the court, and not otherwise."

It is not pretended that there was any agreement filed with the clerk or entered upon the minutes of the court in regard to the continuance of this case pending the decision in the proposed Witmer Brothers Company case; and if any verbal stipulation as to the matter was made, it was executory and not binding upon either party. (*Borkheim* v. *North British etc Ins. Co.*, 38 Cal. 623.) Verbal stipulations with reference to proceedings in pending actions cannot be regarded except so far as they are admitted by the parties against whom they are sought to be enforced, or have been wholly or in part executed. (*Reese* v. *Mahoney*, 21 Cal. 306; *Smith* v. *Whittier*, 95 Cal. 279.) And if a party against whom a verbal stipulation is invoked denies that such a stipulation was made, the court will not hear the parties for the purpose of settling the dispute. (*Johnson* v. *Sweeney*, 95 Cal. 304.)

The rule invoked by appellant, that "he who seeks equity must do equity," is universally recognized in

courts of justice, but we fail to see how it can have any application to this case. It certainly was not incumbent upon the defendant to pay the note sued on before he could move the court to dismiss the action.

The judgment in our opinion should be affirmed.

HAYNES, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFARLAND, J., HENSHAW, J.

TEMPLE, J., concurring.—I do not think section 283 of the Code of Civil Procedure has any application to the facts of this case, but I concur in the judgment because I think plaintiff failed to excuse his delay.