[Sac. No. 544.   Department Two.—September 29, 1899.]

## J. T. DAVIS, Appellant, v. P. H. CLARK, Respondent.

DISMISSAL OF ACTION—WANT OF PROSECUTION — SUBSTITUTION OF ASSIGNEE—SUPPLEMENTAL COMPLAINT—EXTENSION OF TIME—WAIVER OF LACHES.—Where an action against a sheriff had been at issue without prosecution more than five years after assignment of the cause of action, and three years after the expiration of the sheriff's term of office, when the assignee gave notice of substitution, and filed a cross-complaint, the fact that the defendant obtained an extension of time to appear thereto. and to "take such further action therein as he may be advised," and that the defendant's motion to dismiss the action, for want of diligence in prosecution, was made two months after notice of the notice of substitution, does not show a waiver of the laches; but the motion must be considered as though no substitution had been made.

ID.—POWER OF COURT—DISCRETION—REVIEW UPON APPEAL.—The superior court has power to dismiss an action for want of diligence

in its prosecution; and where no counter-showing appears, except that derived from the pleadings in the action, and it cannot be said by the appellate court that the superior court abused its discretion, its order dismissing the action must be affirmed.

APPEAL from an order of the Superior Court of Glenn County dismissing an action for want of prosecution. Frank Moody, Judge.

The facts are stated in the opinion.

K. Albery, for Appellant.

Ben. F. Geis, and R. C. Minor, for Respondent.

CHIPMAN, C.—Motion of defendant to dismiss the action for failure to prosecute. Action ordered dismissed and plaintiff appeals. On August 19, 1891, E. C. Vancil filed his complaint in the superior court of Glenn county to recover possession of certain wheat and barley or its value. On August 26, 1891, defendant appeared by demurrer, which was overruled May 21, 1892, and by stipulation the time to answer was extended to July 11, 1892, when answer was duly filed. On October 11, 1893, H. M. Albery, Esq., was substituted as attorney in place of plaintiff's attorneys. On September 20, 1897, plaintiff, by his attorney, K. Albery, served notice of a motion to substitute as plaintiff J. T. Davis, assignee of the cause of action, in place of Vancil. The minutes of the court recite that the motion came on to be heard September 26, 1897, and was taken under advisement and an order was entered making the substitution October 4, 1897, and on October 8, 1897, Davis served and filed a supplemental complaint. On October 18, 1897, the court made an order granting defendant thirty days from that date within which "to appear, answer, and demur, or to take such other action therein as he may be advised." On November 17, 1897, defendant served notice of motion to dismiss the action upon K. Albery, Esq., which was filed November 18, 1897, and was supported by two affidavits made by two different attorneys for defendant. On November 22, 1897, the motion came on to be heard, plaintiff's attorney, K. Albery, Esq., being present, and, no testimony being offered except the

affidavits for defendant, the motion was submitted and taken under advisement, and on February 1, 1898, the court entered its order dismissing the action. In due time plaintiff's attorney, K. Albery, Esq., gave notice of appeal on the ground that "the order is against the evidence in this, that the record discloses that the plaintiff was vigorously pressing said action to a trial upon the merits long prior to and at the time said motion to dismiss said action was noticed, filed, or heard by said court."

Appellant urges the point that defendant expressly waived the laches of Vancil, for the reason that he permitted plaintiff Davis, unchallenged, to incur costs and expense in bringing the cause to trial, from September 20, 1897 (when the notice of substitution was filed), to November 17, 1897 (when the notice to dismiss the action was served and filed)—a period of two months, during which time the motion for substitution was heard and the supplemental complaint was prepared, served, and filed, and an extension of time given defendant within which to answer—all of which shows plaintiff's commendable diligence in the prosecution of the action after he became plaintiff. The contention is, that no part of the delay while Vancil was plaintiff should be considered, but that the cause should be treated, for the purposes of the motion, as having been brought at the time Davis was substituted. It appears from the undisputed evidence that Davis became the owner of Vancil's alleged claim against defendant on December 5, 1891, and that Vancil died December 31, 1891, and that Davis' true name is Mordecai Vancil, and that he is a son of said E. C. Vancil; that Davis was the attorney in fact of E. C. Vancil to the time of the latter's death, and that the action, though brought in Vancil's name, was in fact the action of Davis, and that the cause of action accrued, if at all, about June 12, 1891; that the cause of action was at issue of fact for more than five years, "and that neither said E. C. Vancil nor said J. T. Davis, either as the attorney in fact of said Vancil or for himself, have sought to have said cause placed upon the trial calendar of said court, and without reason or excuse have not prosecuted said action with any diligence whatever." It further appeared that defendant, who at the time the action was brought was sheriff of Glenn county, ceased to be sheriff in 1894. We do not think there was any waiver of

laches; the motion must be considered as though no substitution was made. The order of the court extending the time to appear to the supplemental complaint was that defendant might "take such other action therein as he may be advised." The court had power to make the order, and the only question is, Did it abuse its discretion in so doing? (*McLaughlin v. Clausen,* 116 Cal. 487.) Plaintiff made no counter-showing whatever, except as it may be derived from the pleadings in the action. We cannot say that the court abused its discretion, and, therefore, advise that the order be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.      Henshaw, J., Temple, J., McFarland, J.