[Civ. No. 1102.   Second Appellate District.—June 10, 1912.]

## KERN VALLEY BANK, Respondent, v. CHARLES A. KOEHN, Appellant.

ACTION ON NOTE—CROSS-COMPLAINT—DEMURRER PENDING—WANT OF ANSWER—TRIAL AND VERDICT FOR PLAINTIFF—OBJECTION UPON APPEAL NOT PERMITTED.—In an action upon a note, the execution of which was admitted, where a cross-complaint reiterated a defense set forth in the answer, that the note was given in renewal of a note for which security was pledged, so that upon default the security should be treated as payment, and that the note sued upon was without consideration, and which sought further to reform a certificate given by defendant to plaintiff that the first note was secured, so as to correspond with such defense, to which cross-complaint plaintiff demurred, which demurrer was pending when both parties went to trial by jury, treating the cross-complaint as in issue, and the verdict was for plaintiff, who was not in default upon the cross-

complaint, under the circumstances, defendant will not be permitted to object upon appeal for the first time that the cross-complaint was not answered.

ID.—SETTLED RULE AS TO WAIVER OF FORMAL ANSWER.—The rule is well established that, where both parties treat an affirmative defense as denied, the want of a formal answer thereto will be deemed waived.

ID.—PROPER EXCLUSION OF LETTER FROM RESPONDENT BANK.—The court properly excluded from evidence a letter of the respondent bank, wherein it was stated that it held certain personal property as collateral security for the payment of the note, where the record discloses no theory upon which the statement could be deemed material or competent evidence.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

E. L. Foster, and E. J. Emmons, for Appellant.

Geo. E. Whitaker, for Respondent.

SHAW, J.—Action to recover upon a promissory note. Judgment went for plaintiff in accordance with the verdict of a jury to which the issues were submitted for trial. Defendant appeals from the judgment and an order of the court denying his motion for a new trial.

The execution of the note was admitted. As an affirmative defense it was alleged the note was made without consideration and that it was given in renewal of a former note made and executed by defendant to plaintiff, which first note at the time of executing the note herein involved had been paid by the transfer to the bank of certain personal property which, though transferred as a pledge to secure payment of said first note, was, in case defendant failed to pay the same at maturity, to be accepted by the bank in full payment and satisfaction of the indebtedness evidenced thereby. He made default in the payment thereof, and notwithstanding the alleged agreement, he gave the new note herein sued upon, which he says was requested by the bank as a matter of form only in order to balance its books. It is apparent from the verdict of

the jury that it gave little weight to the meager evidence offered in support of these allegations.

Defendant with his answer filed a cross-complaint wherein, besides reiterating the affirmative defense set up in his answer, he asked to have a statement, whereby the plaintiff certified that the bank held certain personal property as security for the payment of the note in question, reformed so·as to state that the bank had received the personal property in payment of said note. Plaintiff interposed a demurrer to the cross-complaint and, as shown by the record, the parties went to trial without any ruling of the court thereon or the filing of any answer thereto. Appellant insists that by reason of plaintiff's failure to file an answer thereto, the allegations of the cross-complaint should be deemed admitted. Plaintiff was not in default in not answering the cross-complaint, for the reason that its demurrer was pending. Both parties, however, appear to have deemed the allegations of the cross-complaint in issue, and evidence touching the truth of the allegations was offered, without objection, as though there had been a formal denial of the same. Under these circumstances, appellant will not on appeal for the first time be permitted to raise the question of the want of an answer to the cross-complaint. (*Conant* v. *Jones*, 3 Idaho, 606, [32 Pac. 250] ; *Netcott* v. *Porter*, 19 Kan. 131.) The rule is well established that where both parties treat an affirmative defense as denied, the want of a formal answer thereto will be deemed waived.

An examination of the instructions given disclose no error which upon this record could have misled the jury to the prejudice of defendant.

The court properly excluded from evidence a letter of the bank wherein it was stated that it held certain personal property as collateral security for the payment of the note. The record discloses no theory upon which the statement could be deemed material or competent evidence.

The appeal is wholly without merit, and the judgment and order are affirmed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 9, 1912.