[Civ. No. 4815. Second Appellate District, Division Two.—July 27, 1925.]

## JAMES H. WELCH et al., Appellants, v. B. C. STRATTON, Respondent.

[1] APPEAL—FILING OF POINTS AND AUTHORITIES—TIME—RULES.— Under the rules of the supreme court, the time of appellants to file their points and authorities can be extended only upon an order therefor based upon either a stipulation or an affidavit.

[2] ID.—FAILURE OF APPELLANTS TO FILE POINTS AND AUTHORITIES WITHIN TIME—DILIGENCE—DISMISSAL.—A motion to dismiss an appeal for failure of appellants to file their points and authorities within time will be granted where, aside from the fact that no order was made extending appellants' time after a specified date and that no written stipulation therefor was entered into, the appellants did not attempt to file their points and authorities until the lapse of approximately three months after the expiration of the utmost period of time which they possibly could claim under an alleged oral stipulation; and the fact that respondent's counsel, when spoken to by appellants' counsel upon two or three occasions subsequent to said specified date, said nothing in response to the latter's statements that the brief would soon be ready for filing, was not effective to extend the time beyond the period fixed by the alleged oral stipulation.

[3] ID.—ORAL STIPULATION—TIME—RULES.—On this motion to dismiss appellants' appeal for failure to file their points and authorities within time, if it be assumed that an extension of time was orally agreed to by one of respondent's counsel shortly before the expiration of appellants' undisputed time to file their points and authorities, and that no definite time was mentioned in the alleged

1. See 2 Cal. Jur. 742.
2. See 2 Cal. Jur. 757.

oral stipulation, the extension, if any was agreed to by respond-
ent's counsel, was for a reasonable time only; and under the
rules of the supreme court thirty days is regarded as a reasonable
period within which to file the points and authorities.

---

(1) 3 C. J., p. 1443, n. 78.    (2) 3 C. J., p. 1443, n. 78 New.
(3) 3 C. J., p. 1443, n. 81 New.

Motion to dismiss appeal from a judgment of the Su-
perior Court of Los Angeles County. Frank C. Collier,
Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

Henry O. Wackerbarth for Appellants.

Henry M. Willis and Lucius M. Fall for Respondent.

FINLAYSON, P. J.—This is a motion to dismiss the ap-
peal for failure to file appellants' points and authorities
within the time provided by the rules.

The transcript was filed August 16, 1924. On September
15, 1924, the parties stipulated in writing that appellants
might have forty days, in addition to the time allowed by
the rules, within which to serve and file their opening brief.
The stipulation was filed and an order was made extending
the time accordingly. On October 25, 1924, the parties
stipulated in writing to extend appellants' time forty ad-
ditional days. In accordance with this stipulation the court
entered its order extending the time. Under these stipula-
tions and orders appellants' time to file their points and
authorities expired December 4, 1924. On March 23, 1925,
respondent served and filed his notice of motion to dismiss
the appeal. No points and authorities on behalf of ap-
pellants were on file when the notice was given.

Appellants have filed an affidavit of their attorney in
which he states that shortly before the expiration of the time
accorded by the last written stipulation, i. e., shortly prior
to December 4, 1924, he telephoned to one of respondent's
counsel, and that the latter orally agreed during the tele-
phonic conversation to give affiant additional time to file
appellants' opening brief; that no definite time for filing
the points and authorities was mentioned during the con-

versation; that affiant had two subsequent conversations with one of respondent's counsel, in each of which affiant stated that he would have appellants' brief printed and filed in the near future; that respondent's counsel offered no objection to these statements; that on March 9, 1925, affiant again met the same counsel for respondent and told him that the brief had been prepared and that it would be sent to the printer; that affiant delayed the printing of such brief until he was served with respondent's notice of motion to dismiss the appeal, when he immediately sent the brief to the printer, and that thereafter it was printed and was served and filed (without authority) April 2, 1925—ten days after respondent had served and filed his notice of motion to dismiss. The affidavit also sets forth that by reason of the aforementioned conversations with respondent's counsel affiant believed that respondent was in no hurry about the filing of appellants' opening brief.

A counter-affidavit by the attorney for respondent who is referred to in the affidavit of appellants' counsel has been filed. In this counter-affidavit the affiant in effect denies that he orally or at all agreed to extend the time beyond that accorded by the last-written stipulation. The affidavit also sets forth, in substance, that affiant from time to time asked appellants' counsel what the latter's intentions were respecting the filing of a brief on behalf of his clients, and that, receiving no satisfactory reply to these requests for information and believing that appellants had abandoned their appeal, he finally served and filed his notice of motion to dismiss the appeal.

The rules prescribed by the supreme court for the government of this court provide: "The time limited for filing points and authorities shall not be extended except by order of the court upon stipulation of the parties or on affidavit showing good cause therefor." (Rule II, subd. 5.) Section 283 of the Code of Civil Procedure provides: "An attorney and counselor shall have authority . . . to bind his client in any of the steps of an action or proceeding by his agreement filed with the clerk, or entered upon the minutes of the court, *and not otherwise.*" (Italics ours.) No order of court was ever made extending appellants' time to file points and authorities after December 4, 1924; nor did appellants' counsel make any attempt to secure

such an order. [1] Under the rules the time could be extended only upon an order therefor based upon either a stipulation or an affidavit. Not only was there no order extending time, but no written stipulation or affidavit was made or filed. "Verbal stipulations with reference to proceedings in pending actions," says the court in *McLaughlin* v. *Clausen,* 116 Cal. 490 [48 Pac. 487], "cannot be regarded except so far as they are admitted by the parties against whom they are sought to be enforced, or have been wholly or in part executed. (*Reese* v. *Mahoney,* 21 Cal. 306; *Smith* v. *Whittier,* 95 Cal. 279 [30 Pac. 529].) And if a party against whom a verbal stipulation is invoked denies that such a stipulation was made, the court will not hear the parties for the purpose of settling the dispute. (*Johnson* v. *Sweeney,* 95 Cal. 304 [30 Pac. 540].)"

[2] Aside from the fact that no order was made extending the time after December 4, 1924, and that no written stipulation therefor was ever entered into, appellants, upon their own showing, have failed to disclose reasonable diligence to comply with the rules of court. [3] If, notwithstanding the denials contained in the counter-affidavit, it be assumed that an extension of time was orally agreed to by one of respondent's counsel shortly before December 4, 1924, it did not extend the time more than thirty days, at the most. As we have stated, no definite time was mentioned in the alleged oral stipulation. Therefore the extension, if any was agreed to by respondent's counsel, was for a reasonable time only. Under the rules thirty days is regarded as a reasonable period within which to file the points and authorities. January 3, 1925, then, marked the limit of time for serving appellants' points and authorities under the oral stipulation—assuming that one was entered into as claimed by them. But appellants did not attempt to file their points and authorities until the lapse of approximately three months after the expiration of the utmost period of time which they possibly could claim under the oral stipulation. The fact that respondent's counsel, when spoken to by appellants' counsel upon two or three occasions subsequent to December 4, 1924, said nothing in response to the latter's statements that the brief would soon be ready for filing, was not effective to extend the time beyond January 3, 1925.

According to the affidavit of appellants' counsel, his clients' brief was ready for the printer at least as early as March 9, 1925. He states in his affidavit that on that day he told respondent's counsel that the brief had been prepared and that it would be sent to the printer. And yet no attempt was made to print it until after respondent had served his notice of motion to dismiss the appeal—an unexplained delay of at least two weeks in merely sending copy to the printer. No showing is made which even tends to excuse appellants' long-continued default, and it is respondent's right to have his motion granted.

The appeal is dismissed.

Works, J., and Craig, J., concurred.