[L. A. No. 12248. In Bank.—September 28, 1932.]

MELVINA M. WEBSTER, Appellant, v. WM. M. WEB-
STER, Respondent.

Porter C. Blackburn, John L. Bland and S. S. Hahn for Appellant.

E. R. Simon for Respondent.

WASTE, C. J.—Plaintiff appeals from that portion of an interlocutory decree of divorce which fixes and determines the property rights of the parties. The appeal is on the judgment-roll alone.

On January 14, 1929, the plaintiff instituted an action for separate maintenance to which the defendant in due time filed an answer. Defendant also cross-complained for a divorce. Thereafter, and in the early stages of the trial, plaintiff was granted leave to file a supplemental complaint for divorce upon the ground of extreme cruelty. Defendant did not file a written answer thereto, it being stipulated in open court that the allegations of the supplemental complaint should be deemed denied. At the conclusion of the

trial findings of fact were waived and the court below entered its interlocutory decree granting a divorce to plaintiff upon the ground of extreme cruelty. This decree awarded the community property in kind to the defendant husband. In lieu of awarding a portion of the property in kind to the plaintiff wife, the interlocutory decree granted to her a lump sum of money, represented by a promissory note in the sum of $3,500 to be executed by the defendant husband and to be secured by a mortgage on the real property awarded to the defendant husband. Plaintiff was also awarded $40 a month for her support and maintenance, to be paid by the defendant until such time as the plaintiff remarried. The defendant was also charged with the expense incidental to the maintenance, support and education of the minor child of the parties.

As already intimated, the plaintiff has not appealed from that portion of the interlocutory decree entitling her to a divorce, but confines her attack to those portions of the decree which fix and determine the rights of the parties in and to the community property. Plaintiff's first assault thereon is grounded upon the erroneous assumption that the decree awards all of the community property to the defendant, and grants to her only an award of money for support and maintenance under section 139 of the Civil Code. This is asserted to be error. A reasonable construction of the interlocutory decree readily discloses that plaintiff *was* awarded a portion of the community property, her share being awarded to her in money rather than in kind, the same being secured by a mortgage on the real property. The fact that the decree awards said sum ''for the maintenance and support of the plaintiff'', does not make it any the less an award of a portion of the community property. In addition thereto, plaintiff was awarded support money, payable monthly, until such time as she remarried. This is a proper method of distribution of the property and is a matter to be determined in the sound discretion of the trial court. (*Marshall* v. *Marshall,* 196 Cal. 761, 765 [239 Pac. 36]; *Meyer* v. *Meyer,* 184 Cal. 687. [195 Pac. 387]; *Gaston* v. *Gaston,* 114 Cal. 542, 546 [55 Am. St. Rep. 86, 46 Pac. 609].) We perceive no abuse in its discretion.

Plaintiff next contends that under section 146 of the Civil Code, and the authorities construing the same, the

court below should have awarded her in excess of one-half of the community property. We find it unnecessary to here determine whether or not in actions for divorce based on charges of extreme cruelty the trial court should, or must, award in excess of one-half of the community property to the unoffending spouse. Assuming this to be the general rule, as urged by the plaintiff, a point we need not decide, we cannot say on the record now before us that the court below in awarding the property as above indicated, did violence to this asserted general rule. The appeal being on the judgment-roll alone, every presumption and intendment is resolved in favor of the regularity of the proceedings in the court below. (*Coleman* v. *Farwell*, 206 Cal. 740 [276 Pac. 335]; *Johnston* v. *Callahan*, 146 Cal. 212 [79 Pac. 870]; *Kelly* v. *McDonald*, 98 Cal. App. 121 [276 Pac. 404].) In the absence of the evidence it is, of course, impossible for us to say that the court below awarded less than one-half of the community property to the plaintiff, or otherwise erred or abused its discretion in awarding the same. In this state of the record it will be presumed that the trial court, in the exercise of a sound discretion, determined that the best interests of the parties would be served by the disposition above outlined.

Plaintiff would have us accept the allegations of the supplemental complaint as to the value of the community property, thus indicating, so she asserts, the unequal distribution of the same. This we cannot do. The parties stipulated in open court that the allegations of the supplemental complaint were to be deemed denied. This stipulation appears in the reporter's notes taken upon the trial of the cause and has been brought to our attention by diminution of the record heretofore duly authorized by this court over the plaintiff's objection. Such a stipulation made in open court constitutes "not only an agreement between the parties but also between them and the court, which the latter is bound to enforce, not only for the benefit of those interested, but for the protection of its own honor and dignity". (*Meagher* v. *Gagliardo*, 35 Cal. 602; 23 Cal. Jur. 811, sec. 2.) Nothing in section 283 of the Code of Civil Procedure militates against the binding effect of a stipulation entered into and executed by the parties in open court and duly reported in the proceedings of the

trial. (*McLaughlin* v. *Claussen,* 116 Cal. 490 [48 Pac. 487] ; *Smith* v. *Whittier,* 95 Cal. 279, 287, 288 [30 Pac. 529] ; *Welch* v. *Stratton,* 73 Cal. App. 765, 768 [239 Pac. 380].) In *Smith* v. *Whittier, supra,* it is stated :

"The evident object of this section [sec. 283, Code Civ. Proc.] is that whenever the attorney shall enter into an agreement for the purpose of binding his client, there shall be *such a record thereof as will preclude any question concerning its character or effect, and that the extent of the agreement may be ascertained by the record,* if oral, that it shall be entered in the minutes, and if written, that it shall be filed with the clerk. 'It is not intended to enlarge or abridge the authority of the attorney, but only to prescribe the manner of its exercise.' (*Preston* v. *Hill,* 50 Cal. 53 [19 Am. Rep. 647].) The section *does not require a construction that in no instance shall an agreement which the attorney may make in behalf of his client be binding unless entered in the minutes of the court or filed with the clerk.* Its provisions have reference to executory agreements, and not to those which have been wholly or in part executed; and it was with reference to oral agreements of an executory character that the court said in its opinion in *Borkheim* v. *North British & M. Ins. Co.,* 38 Cal. 628, [relied on by plaintiff herein] 'of such agreements, therefore, there can be no *specific performance'.* If under the terms of a mutual stipulation, which was only verbal, one party has received the advantage for which he entered into it, or the other party has at his instance given up some right or lost some advantage, so that it would be inequitable for him to insist that the stipulation was invalid, he will not be permitted to repudiate the obligation of his own agreement, upon the ground that it had not been entered in the minutes of the court. If the party admits that he made such verbal stipulation, it will be as binding upon him as if it had been entered in the minutes of the court. (*Patterson* v. *Ely,* 19 Cal. 36; *Reese* v. *Mahoney,* 21 Cal. 306.) If, however, the terms of the verbal agreement are disputed, courts refuse to settle such disputes, or to try a collateral issue for the purpose of determining whether any agreement had been made. . . . The same principles are applicable to the enforcement of a written agreement which has not been filed as to a verbal one which has not been entered in the minutes

of the court. If the parties have acted upon such written agreement to such an extent that it would be inequitable not to recognize its binding effect, as, for example, if a party has obtained under the agreement that in consideration of which the other became bound thereby, or has been relieved of some burden which was the consideration for which it was given, or if the other party has been reasonably led thereby to forego any step which but for the agreement he would have taken, courts will not allow the agreement to be repudiated upon the ground that it had not been filed with the clerk.''

In the instant case and during the early stages of the trial on plaintiff's complaint for *separate maintenance* and defendant's cross-complaint for divorce, it was stipulated in open court that plaintiff might file a supplemental complaint for *divorce* and that the allegations thereof should be deemed denied. Such supplemental complaint was thereafter filed and the cause proceeded to trial and judgment. In other words, the verbal stipulation has been fully executed, plaintiff receiving the benefit thereof and defendant, relying thereon, having been led to forego his right to file a written answer to such supplemental complaint, which written answer he would have filed but for the stipulation. Under these circumstances, and in the language of *Smith* v. *Whittier, supra,* it would be inequitable to permit plaintiff to now repudiate the agreement. Moreover, this is not a case where the terms of the stipulation are locked up in the breasts of the parties or their respective counsel, thus precluding an accurate ascertainment thereof. The terms and extent of the stipulation are brought to our attention by a duly authenticated excerpt of the proceedings in the court below. There can therefore be no dispute or doubt in this regard.

There is no merit in plaintiff's contention that the trial court by reason of lapse of time was without jurisdiction to authenticate the ''Excerpt from Proceedings at Trial'', wherein appears the stipulation above referred to. Plaintiff confuses the jurisdiction of the trial court with that of this court. Upon suggestion of the defendant and to meet the assertion of plaintiff that the allegations of the supplemental complaint had not been denied, this court, after hearing and over plaintiff's objection, directed diminu-

492

tion of the record. As a result of this court's order, the "excerpt of proceedings" was filed herein. It is well settled that an appellate court, in the exercise of its jurisdiction, may direct the correction or diminution of a record at any time during the pendency of the appeal; and, this without reference to the provisions of section 473 of the Code of Civil Procedure. (*McMahon* v. *Hamilton*, 202 Cal. 319, 325 [260 Pac. 793]; *Dugan* v. *Forster*, 101 Cal. 144 [281 Pac. 411]; *Barnett* v. *Marsili*, 122 Cal. App. 609 [10 Pac. (2d) 472].) In such a case we are not confronted with a want of power or jurisdiction in the trial court, assuming the six-months' period to have expired, but rather with the inherent power of an appellate court to cause the amendment of a record before it so that the same might speak the truth. ■ Appellate courts look with favor upon an amendment the effect of which is to enable them to review the decision of the lower court in view of all the facts which that court had before it when it made its decision. (*McMahon* v. *Hamilton, supra.*)

■ Nor do we think the plaintiff has suffered any disadvantage or prejudice by reason of such diminution of the record. Plaintiff prosecuted her appeal on the judgment-roll alone and then made the erroneous and misleading statement that the allegations of the supplemental complaint as to the value of the community property had not been denied by the defendant when, as matter of fact, the parties had, as already stated, orally stipulated in open court that said allegations should be deemed denied. The only method available to the defendant to overcome plaintiff's erroneous statement was by diminution of the record duly authorized by this court. It is therefore immediately apparent that defendant, and not plaintiff, was, until such diminution, the wronged party.

■ The parties having proceeded to trial and judgment without objection being made in the trial court as to the failure to file a written answer to the supplemental complaint, it is now too late to urge that the allegations of such supplemental complaint stand admitted. (*Turner* v. *East Side Canal Co.,* 169 Cal. 652, 654, 655 [147 Pac. 579]; *Gervaise* v. *Brookins*, 156 Cal. 110, 112 [103 Pac. 332]; *Kern Valley Bank* v. *Koehn*, 19 Cal. App. 247, 249 [125 Pac. 358].)

■ Citing *Remley* v. *Remley,* 49 Cal. App. 489 [193 Pac. 604], and other cases, plaintiff next contends that the interlocutory decree improperly purports to make a final adjudication of the property rights of the parties rather than merely determining the manner in which the property should be disposed of or assigned upon the entry of the final decree. Assuming the rule to be that the court below was without power to *dispose* of the community property in the interlocutory decree, a point we need not now decide, we are of the opinion that the decree here involved, when construed as a whole, may reasonably be said to constitute but a determination of how and the manner in which the property should be assigned upon the entry of the final decree. This construction is borne out by that portion of the decree which, after decreeing that plaintiff shall be entitled to a divorce upon the expiration of one year from the date thereof, declares that ''at that time the court shall grant such other and further relief as may be necessary to complete disposition of this action''. However, granting that the interlocutory decree contains some language susceptible of the interpretation contended for by the plaintiff, and granting further that such disposition of the property in the interlocutory decree would be improper, it is our opinion that the language thus purporting to make final disposition of the property may properly be disregarded as surplusage. It does not represent a departure from the jurisdiction of the court. (*Sullivan* v. *Superior Court,* 72 Cal. App. 531, 534 [237. Pac. 782].) There can be no doubt as to the propriety of the trial court's action in determining in the interlocutory decree the status of the property and the disposition to be made thereof. (*Pereira* v. *Pereira,* 156 Cal. 1, 9–11 [134 Am. St. Rep. 107, 23 L. R. A. (N. S.) 880, 103 Pac. 488] ; *Strupelle* v. *Strupelle,* 59 Cal. App. 526, 531 [211 Pac. 248] ; *Remley* v. *Remley, supra.*) This being so, plaintiff's rights will be fully protected by an order directing the court below upon entering the final decree to assign the property according to the determination expressed in the interlocutory decree. A similar direction appears in *Strupelle* v. *Strupelle, supra,* and *Remley* v. *Remley, supra.*

■ In announcing our conclusion on his phase of the case we are not embarrassed by the trial court's purported

entry of the final decree during the pendency of this appeal. Section 132 of the Civil Code prohibits the entry of a final decree of divorce "if *any* appeal is taken [and pending] from the interlocutory judgment". This section has been held to preclude the entry of a final decree though the appeal be only from that portion of the interlocutory decree determining the property rights of the parties. (*Newell* v. *Superior Court,* 27 Cal. App. 343–345 [149 Pac. 998].) In the cited case it is stated:

"It has been determined that in a divorce action under the provisions of our code the function of an interlocutory decree includes not only the establishment of the right of a party to a divorce but includes also the hearing and final determination of the rights of the parties as to property. Any disposition of property rights made in connection with the hearing of the principal cause of action is regularly included in and becomes a part of the interlocutory decree. . . .

"In the present case there is an interlocutory judgment which has become final with respect to the plaintiff's right to a divorce, but is subject to a pending appeal affecting the provisions made therein for the support of the plaintiff. Until the determination of that appeal the superior court is not in a position to know whether it will be required to make some other and different order affecting a matter closely connected with the granting of the divorce. . . . The provision contained in section 132 of the Civil Code, postponing the entry of final judgment until after final disposition of any appeal from the interlocutory judgment, was adopted in recognition of the fact that in granting a divorce the court has a variety of duties to perform affecting the property rights of the parties and the future welfare of those parties and their children; and it was deemed advisable that in such cases all of those matters, as far as possible, should be finally adjusted in connection with the granting of a divorce."

It necessarily follows that the "final decree" entered by the court below pending this appeal was premature and improper. The fact that this court heretofore dismissed an appeal from such purported "final decree" adds nothing to its validity. The appeal was not heard on its merits but was dismissed solely because it had not been taken

within the time allowed by law. Moreover, inspection of our records discloses that plaintiff, apparently realizing the impropriety of the entry of such "final decree" pending the present appeal, moved the court below, under section 473 of the Code of Civil Procedure, to set aside and vacate said purported "final decree". An appeal from the order refusing to vacate such "final decree" is now pending in this court. (*Webster* v. *Webster*, L. A. No. 13288.) When the latter appeal comes before us for decision it necessarily follows from what has been said that the order refusing to vacate the purported "final decree" will have to be reversed.

For the foregoing reasons, that portion of the interlocutory decree determining the property rights of the parties is hereby affirmed. Upon entering its final decree of divorce, the trial court will assign and dispose of the property according to the determination expressed in such interlocutory decree; and when it makes its final decree, it may then, pursuant to the authority conferred by section 140 of the Civil Code, make provision in that decree for such reasonable security for the payment of the money allowed to plaintiff as it may deem proper.

Preston, J., Shenk, J., Tyler, J., *pro tem.*, Langdon, J., and Curtis, J., concurred.

Rehearing denied.