[Civ. No. 12839.   First Dist., Div. One.   Dec. 5, 1945.]

MILTON D. HARRIS, as Administrator etc., Respondents, v. BOARD OF EDUCATION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

GEORGE H. LEARNED, Respondent, v. BOARD OF EDUCATION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

John J. O'Toole, City Attorney, Walter A. Dold, Chief Deputy City Attorney, and Irving G. Breyer for Appellants.

Piccirillo & Wolf and Sullivan, Roche, Johnson & Farraher for Respondents.

SCHOTTKY, J. pro tem.—Respondents, as the assignees of some 2,200 school teachers, brought actions to recover certain sums claimed to be due the teachers. In 1931, pursuant to a stipulation entered into between the parties, a judgment was entered in respondents' favor, the amount to be

recovered to be thereafter calculated and determined by an accounting. A referee, Wilbur S. Owensby, was appointed to make the calculations, and some accounting was done which resulted in certain payments being made. Much litigation arose as a result of the various transactions (some of the details of which will be hereinafter set forth) and finally the present matter came up, on December 9, 1940, apparently on motions to remove the referee and to modify an order made several years previously. After some five hearings, which took place over a period of almost two and a half years, the court, on November 10, 1943, made an order appointing Donald Craig, a certified public accountant, as referee, and directing a further accounting,— from which order the present appeal is taken. The order is entitled "Second Amended Order Directing Further Accounting," and, among other things, it fixed the fees of the referee at $50 a day and allowed $25 a day for each senior accountant, $15 a day for each junior accountant, and $7.50 a day for a secretary. Section 1023 of the Code of Civil Procedure provides: "The fees of referees are five dollars to each for every day spent in the business of the reference; but *the parties may agree, in writing,* upon any other rate of compensation, and thereupon such rates shall be allowed." (Italics ours.)

This appeal is from that portion of the order which fixes the fees and compensation of the referee in excess of $5.00 per day. Appellants contend that there was no valid waiver of the provisions of section 1023 and respondents contend that the trial court was justified in making the order appealed from because of a waiver by appellants of the provisions of said section.

In order to understand the questions involved upon this appeal, it is necessary to review briefly the background and history of the litigation. From an examination of the transcript, the affidavits included therein, the statements of counsel, the trial court's order, and the statements made in a previous decision and the record thereof on appeal (*Learned* v. *Board of Education,* 37 Cal.App.2d 561 [99 P.2d 1100]), the situation which gave rise to the order appealed from appears to be as follows:

As heretofore stated, respondents are the assignees of some 2,200 school teachers, and in 1931, pursuant to a

stipulation entered into by the parties, a judgment was entered in their favor in an action to recover certain money which had been withheld from the teachers' salaries, the amount to be recovered to be thereafter calculated and determined by an accounting. In 1932, after an audit had been made by Wilbur S. Owensby, special auditor employed by appellants to compute the amounts due respondents, certain sums were paid to respondents and a partial satisfaction of judgment was entered and filed. At the same time a stipulation was entered into wherein it was agreed that respondents had the right to ascertain the manner in which the amounts found to be due respondents were arrived at, and to have any errors corrected, and that if any additional amounts were found due, appellants would pay said amounts to respondents. In 1933 and 1934, orders to show cause were filed, in which it was set forth that the amounts paid to the respective teachers were not correct. The trial court granted the orders to show cause and ordered a further accounting, appointing Owensby as referee for the purpose of rendering such accounting. In 1939 the court rendered an ''Order Directing Further Accounting.'' Appellants appealed, and respondents moved to dismiss the appeal, which motion was granted dismissing that appeal and others taken from similar orders made previously. (*Learned* v. *Board of Education, supra.*) On May 24, 1940, appellants presented to the trial court a motion to modify the order directing a further accounting, and sought the removal of Owensby as referee, whereupon, after hearings were had, the last being on April 6, 1943, the order appealed from was made November 10, 1943, and filed the same day.

The reporter's transcript in the present case begins with the hearing on December 9, 1940; and during the discussion had at that hearing with reference to the change in the referee and the further accounting to be had, the court stated: ''Well, now, as I understand, for the purpose of the record, you are willing to stipulate that the provision that the Code provides, limiting the per diem to $5.00 a day, you are willing to abrogate that. It was so stipulated at the last hearing.'' The deputy city attorney, Mr. Walter A. Dold, appearing for appellants, replied: ''We are willing to stipulate that a certified public accountant be appointed by the Court as a referee may receive a fair and reasonable com-

pensation to be fixed by the Court, and we will waive the $5.00 provision of the Code in that connection."

A second hearing was held on June 17, 1941, at which it was stated that Mr. Craig had been employed by appellant Board of Education for eight or ten days, and had inspected the records of the board and found that it was necessary that a mathematical basis be agreed upon and set forth in an order of the court; and there was considerable discussion by counsel and the court in an apparent effort to reach some agreement as to the method or procedure. At one point the court remarked: "Yes, suppose we do this. We will get a start, and after Mr. Craig has that done, he will get another order." At this same hearing, counsel for respondents stated: "Now, with reference to compensation, will there be any difficulty in that matter?" To which counsel for appellants replied: "It is up to the Board. We will have the same proposition. I am satisfied that they will probably go along on the basis of this same paragraph, and probably will go along on the whole basis if it is submitted to them, and it is reasonable, but of course I can't say."

On February 8, 1943, another hearing was held, at which it was reported that Mr. Craig had examined 25 cases out of the 2,200, for which he had been paid $1,912.50 by the appellant Board of Education; and Mr. Craig stated that it was impossible to establish a definite mathematical basis for the 2,200 cases. Counsel for appellants filed an affidavit of the secretary of appellant Board of Education, stating that because of the failure to arrive at any mathematical formula, the cost of a complete accounting, based upon the amount that appellants had paid Craig for the 25 cases examined, would amount to approximately $150,000, and that therefore appellants opposed the elimination of that portion of the order requiring a definite mathematical formula, and objected "to any fee of the referee fixed over and above the sum allowed by Section 1023 of the Code of Civil Procedure." At this same hearing the court asked counsel for appellant Board of Education if they were "going to insist on that $5.00 rule" and said counsel replied that they had been requested by the board to inform the court that the board was willing to pay only the statutory amount. There was considerable discussion and it was stated by Mr. Craig that he could work out a formula in about two weeks, where-

upon the court stated that it would not want Mr. Craig to work two weeks at $5.00 a day, and requested counsel for appellants to take the matter up with the board and "let us know the result."

On March 23, 1943, another hearing was held, at which Mr. Craig again indicated that the accounting would be a long-drawn-out and costly proceeding; and counsel for appellants again stated the unwillingness of the Board of Education to waive any rights.

On April 6, 1943, a further hearing was held, and counsel for appellants again contended that the court had no right to allow any greater sum than $5.00 per day as compensation for the referee, and stated that they had been instructed by appellant Board of Education that they would not agree to any greater sum.

No further hearings appear in the record, and on November 10, 1943, the court made and entered the order appealed from.

Appellants make three main points upon this appeal: One, that the stipulation, if any, was not in conformity with said section 1023; two, that if there was a stipulation, appellants' attorneys were without authority to bind their client by such a stipulation, under the provisions of section 283 of the Code of Civil Procedure; and, three, that the stipulation referred only to certain preliminary steps of the accounting then being discussed, and was in no sense a blanket waiver for all time regardless of the cost involved. Points one and two being interrelated will be discussed together.

In support of their contention that there was no valid waiver of the provisions of section 1023, appellants contend that that section contains three separate requirements: (1) The parties have to agree; (2) the agreement must be in writing; and (3) the rate which is agreed upon in writing must be specified and it is such rate which shall be allowed; that these requirements were not fulfilled, and therefore there was no valid waiver. They argue that even if their counsel agreed orally to pay more than $5.00 a day "There was not and has not been to this day anything 'in writing' and certainly there has been no specified rate of pay agreed upon"; that a "reasonable rate" agreed upon is not sufficient to meet the code requirement, but a definite rate in monetary terms must be set forth.

Respondents rely on the stipulation made in open court

by appellants' attorney at the first hearing on December 9, 1940, and hereinbefore set forth, as constituting a waiver in compliance with section 1023 of the Code of Civil Procedure, giving the court jurisdiction to make the order appealed from. They contend that such a stipulation was binding on appellants under section 283 of the Code of Civil Procedure which provides that an attorney shall have authority ''To bind his client in any of the steps of an action or proceeding by his agreement filed with the clerk, or entered upon the minutes of the court, and not otherwise.'' They argue that ''The power of an attorney to enter into stipulations which are binding upon his client depends under this section upon whether the subject matter to which the stipulation relates falls within his authority''; and that ''If a party by his attorney can stipulate to a reference and to the appointment of a referee thereby obligating the party for the fees provided for by law, the attorney must certainly have authority to stipulate to the fees of the referee appointed where under the statute the fees are insufficient to obtain a referee to perform the work.''

Furthermore, respondents argue in effect that the stipulation was an agreement in writing within the provisions of section 1023, even if not actually in writing, because it was made in open court and appears in the transcript of the proceedings. They rely principally in this regard on the case of *Webster* v. *Webster*, 216 Cal. 485 [14 P.2d 522], where at page 489 the court said: ''The parties stipulated in open court that the allegations of the supplemental complaint were to be deemed denied. This stipulation appears in the reporter's notes taken upon the trial of the cause and has been brought to our attention by diminution of the record heretofore duly authorized by this court over the plaintiff's objection. Such a stipulation made in open court constitutes 'not only an agreement between the parties but also between them and the court, which the latter is bound to enforce, not only for the benefit of those interested, but for the protection of its own honor and dignity.' (*Meagher* v. *Gagliardo,* 35 Cal. 602; 23 Cal.Jur. 811, § 2.) Nothing in section 283 of the Code of Civil Procedure militates against the binding effect of a stipulation entered into and executed by the parties in open court and duly reported in the proceedings of the trial. (*McLaughlin* v. *Claussen,* 116 Cal. 490 [48 P. 487];

*Smith* v. *Whittier,* 95 Cal. 279, 287, 288 [30 P. 529]; *Welch* v. *Stratton,* 73 Cal.App. 765, 768 [239 P. 380].) In *Smith* v. *Whittier, supra,* it is stated: 'The evident object of this section [sec. 283, Code Civ. Proc.] is that whenever the attorney shall enter into an agreement for the purpose of binding his client, there shall be *such a record thereof as will preclude any question concerning its character or effect, and that the extent of the agreement may be ascertained by the record,* if oral, that it shall be entered in the minutes, and if written, that it shall be filed with the clerk. "It is not intended to enlarge or abridge the authority of the attorney, but only to prescribe the manner of its exercise." (*Preston* v. *Hill,* 50 Cal. 43 [19 Am.Rep. 647].) The section *does not require a construction that in no instance shall an agreement which the attorney may make in behalf of his client be binding unless entered in the minutes of the court or filed with the clerk. . . .' "

Respondents rely also on *Cathcart* v. *Gregory,* 45 Cal.App. 2d 179 [113 P.2d 894], a case in which a judgment was entered on a stipulation of counsel for the respective parties made in open court and taken down by the court reporter but not reduced to writing and filed with the clerk nor entered on the minutes of the court. In that case the court said, at page 187: "We believe the facts of the instant case clearly bring it within the rule thus announced. There can be no question that the *stipulation was actually entered into by counsel in open court.* There can be no question of its exact terms, character and effect because it was taken down by the reporter who transcribed his notes." (Italics ours.) (See, also, *Witaschek* v. *Witaschek,* 56 Cal.App.2d 277, 283 [132 P.2d 600]; *Zurich G. A. & L. Co., Ltd.* v. *Kinsler,* 12 Cal. 2d 98 [81 P.2d 913].)

We do not agree with appellants' contention that the asserted stipulation was of no effect because it was not in writing and did not specify any specific amount of compensation. We believe that both reason and the authorities hereinbefore cited support the conclusion that a stipulation as to a matter of procedure, such as the appointment of a referee or the fixing of his compensation, made by an attorney in open court and taken down by the court reporter, is binding even though it is not in writing and is not entered in the minutes of the court.

It is clear to us that sections 283 and 1023 of the Code of Civil Procedure were not enacted to permit or encourage the repudiation of a stipulation solemnly made by an attorney in

open court, but that said sections were for the purpose of requiring such a record of the stipulation as would preclude any question concerning its character and effect. The following language of our Supreme Court in *Webster* v. *Webster, supra,* (216 Cal. at p. 489), is applicable to section 1023 as well as to section 283: "Nothing in section 283 of the Code of Civil Procedure militates against the binding effect of a stipulation entered into and executed by the parties in open court and duly reported in the proceedings of the trial."

The fact that the asserted stipulation did not fix the exact amount of the compensation of the referee, but specifically left the fixing of the amount to the court, does not, in our opinion, affect the question of the validity of the stipulation, because if the parties agreed that the court could fix the rate of compensation it was in effect an agreement by the parties as to the rate of compensation and a substantial compliance with the requirement of said section 1023.

A far more serious question is presented by the third contention of appellants, which is that the asserted stipulation referred only to certain preliminary steps of the accounting then being discussed and was in no sense a blanket waiver for all time, regardless of the cost involved. The stipulation relied upon by respondents, and upon which the trial court based the order appealed from, was a statement made in open court on December 9, 1940, just a few weeks less than three years before the order appealed from was signed by the court. It is apparent to us from the record of that hearing, and of the various subsequent hearings, that the statement of counsel related to the preliminary steps of the accounting then being discussed upon the basis then being considered, and while appellants should not be permitted to avoid liability for any expense that may have been incurred in reliance upon such asserted stipulation (a matter which is not involved here, as there is no question as to payment for services already performed), yet we are convinced that the asserted stipulation of December 9, 1940, does not, upon the record here, justify the order appealed from, made by the court on November 10, 1943.

But even if it should be considered that counsel did intend his stipulation of December 9, 1940, to relate to more than the preliminary steps of the accounting then being discussed, it is clear from the record that long before the order appealed from was made, appellants and their counsel had reached the conclusion that the manner in which Mr. Craig proposed to pro-

ceed would involve a much greater expense than could possibly have been anticipated when counsel made the statement upon which the asserted stipulation is based, and counsel informed the court that appellants no longer considered themselves bound by said stipulation. In long-drawn-out litigation it is not always possible to anticipate what may develop, and it happens frequently that a statement or stipulation made by counsel in the early stages of the litigation may prove later on to be impractical and highly detrimental to the party if continued in effect. Counsel should not be discouraged in the making of stipulations in an effort to expedite the earlier completion of litigation by any rule that will prevent their being relieved from continuing under such stipulation when a situation that could not have been anticipated arises. When in the instant case it appeared that Mr. Craig had examined 25 cases out of the 2,200, and had been paid the sum of $1,912.50 for such examination, and it appeared further that Mr. Craig reported that he had not been able to arrive at any mathematical basis or formula that would materially lessen the labor and expense of investigating the remaining cases, we believe that it was not only the right but the duty of appellants to decline to proceed further under said asserted stipulation made more than two years before, and that the court erred in making its order that the referee proceed at the rate of compensation set forth in the order appealed from.

We conclude, therefore, as to the third main contention of appellants, that the asserted stipulation of December 9, 1940, reasonably construed, related only to the preliminary steps of the accounting then being discussed; but that if it was intended to apply to the entire case, the court below erred in insisting that appellants continue to be bound by said stipulation after it developed that the manner in which the referee proposed to proceed would involve enormous expense, far greater than could have been anticipated at the time appellants' counsel made the statement upon which the court based its order.

In view of the foregoing, the order appealed from is reversed.

Peters, P. J., and Ward, J., concurred.

A petition for a rehearing was denied January 4, 1946, and respondents' petition for a hearing by the Supreme Court was denied January 31, 1946.